**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERBORO CONTRACTORS, INC., Respondent.**

**No. 51, Docket 34556.**

United States Court of Appeals, Second Circuit.

Argued and Decided Sept. 24, 1970.

Charles R. Both, Washington, D. C. (Arnold Ordman, Gen. Counsel; Dominick L. Manoli, Associate Gen. Counsel; Marcel Mallet-Prevost, Asst. Gen. Counsel; William F. Wachter and Avrum M. Goldberg, Attys., N.L.R.B., on the brief), for petitioner.

Joseph Nurnberg, New York City, for respondent.

Before LUMBARD, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

We grant, in open court, enforcement of the Supplemental Order of the National Labor Relations Board directing the respondent Interboro Contractors, Inc. to pay $8,183.00 and $8,292.00 respectively to John and William Landers who had been improperly discharged, as we held in N.L.R.B. v. Interboro Contractors, Inc., 388 F.2d 495 (2d Cir. 1967). We file a written opinion in order to set forth our reasons for holding that parties in a proceeding before the Board and its examiner are not entitled to the full panoply of discovery procedures provided by the Federal Rules of Civil Procedure.

In the original proceeding (157 N.L.R.B. 1295), the Board found that the Company discharged employees John and William Landers for engaging in protected concerted activity, and that it thus violated section 8(a) (1) of the National Labor Relations Act. At the time of their discharge the Landers brothers were employed on a construction project on Tratman Avenue in the Bronx. On January 18, 1969, we entered an enforcement decree which directed the Company, *inter alia*, to make the Landers whole for any loss of pay they may have suffered as a result of the Company's unfair labor practices.

Thereafter, the Board instituted the present proceeding pursuant to section 102.52 et seq., of its Rules and Regulations, to determine the amount of back pay due the claimants. The Regional Director issued his Backpay Specification and Notice of Hearing on July 18, 1968. The specification alleged that John and William Landers were replaced by employees Thomas McSpedon and Leroy Carmichael respectively. It further alleged that the back-pay period ran from April 15, 1965, the date of the discharge, to January 21, 1966, the last date on which McSpedon and Carmichael were employed on the Tratman Avenue project, and that the Landers' net back pay equalled the gross earnings of their replacements during the back-pay period less the interim earnings of the Landers.

The Backpay Specification and Notice of Hearing also stated that a hearing would be held before a trial examiner on August 5, 1968, for the purpose of litigating the allegations set forth in the Backpay Specification. The hearing was later rescheduled for August 21, and was held then and on August 22. At the hearing Company counsel objected to the proceedings on the ground that he had not been allowed to take pre-hearing depositions of the Landers. He also moved for an adjournment on the ground that he did not have adequate opportunity to prepare, but his motion was denied.

On appeal to this court, the Company contends that the Board's back-pay award is not supported by substantial evidence and that it did not receive a fair hearing because it should have been allowed to depose the Landers prior to the hearing and because the denial of an adjournment by the trial examiner was improper and prejudicial. It asks that enforcement be denied or, in the alternative, that a further hearing be held. We grant enforcement and hold that the record amply supports the Board's back-pay award and that the denial of the Company's application to depose the Landers prior to hearing and the denial of the Company's motion for adjournment were proper.

About three weeks before the hearing, Company counsel requested and received five subpoenas,[1] but he never used any of them. About the same time, the Company filed with the Board's regional office an application to take depositions from the back-pay claimants upon eight items of information. The Regional Director denied this application on the ground that no good cause had been shown within the meaning of section 102.30 of the Board's rules.[2] The Com-

---

1. These subpoenas were:
   (1) A subpoena addressed to the Unemployment Insurance Board of New York to produce all records relating to the Landers' application for unemployment insurance during the back-pay period;
   (2) a subpoena addressed to the pension and welfare fund of the Union for the production of all records of contributions made on behalf of the Landers and of all benefits paid to the Landers during the back-pay period;

   (3) a subpoena addressed to the Union for the production of all its records pertaining to the Landers;
   (4) a subpoena ad testificandum addressed to Mrs. John Landers; and
   (5) a subpoena ad testificandum addressed to Mrs. Williams Landers.

2. Section 102.30 of the National Labor Relations Board, Rules and Regulations, Series 8, as amended, provides in pertinent part:

pany renewed its application on August 2, and shortly thereafter the Regional Director reaffirmed his denial and advised the Company that "Insofar as your application may be deemed a motion for discovery that also must be denied inasmuch as the [Board's rules] do not provide for such proceedings." Prior to the back-pay hearing the Company moved pursuant to section 102.30 for leave to take depositions from the Landers for the purpose of discovery. The trial examiner denied this motion on the ground that section 102.30 does not provide for the taking of discovery depositions but authorizes the taking of depositions of witnesses who, in the examiner's words, "for some reason or other cannot appear at the hearing." The back-pay claimants were then called to testify by the General Counsel and were cross-examined extensively by the Company.

At the conclusion of cross-examination, the Company counsel moved for an adjournment for an indefinite period in order "to give us an opportunity to put our case in." The principal ground for his application was that, having heard the testimony of the Board's witnesses for the first time and having seen its exhibits for the first time at the hearing, he was unprepared to meet the issues. Upon denial of the adjournment, the back-pay hearings closed without submission of the Company's case.

Subsequently, on December 19, 1968, the trial examiner issued his Supplemental Decision, in which he determined that the Company was liable for the amount of back pay in the specification, as modified. The Company thereafter filed exceptions to the trial examiner's Supplemental Decision, and on April 29,

1969, the Board issued its Supplemental Decision and Order affirming its examiner. Accordingly, the Board ordered respondent to pay the named employees the amount of back pay determined by the trial examiner.

■ The Company's first claim is that there is no substantial evidence in the record to support the Board's conclusions (1) that the back-pay period terminated on January 21, 1966, (2) that McSpedon and Carmichael were the Landers' replacement, (3) that John Landers made reasonable efforts to obtain reemployment while he was out of work, or (4) that William Landers made such reasonable efforts to obtain reemployment. None of these claims has merit.

The Company's second claim is that it did not receive a fair hearing because it was not allowed to take depositions of the Landers. The Company applied for leave to take their depositions prior to the hearing, for the stated purpose of aiding counsel in the preparation of his case for trial. Both parties agree that the application amounted to a request for pre-hearing discovery. The Board contends that its Rule 102.30 permitting depositions for "good cause shown" means that depositions may be taken for use as evidence in an action when there is reason to believe that the witness whose deposition is sought may be unavailable at the hearing, and that the Rule was never intended to provide for the taking of depositions solely for discovery purposes when the witnesses will be available for trial. We agree.

■ It is well settled that parties to judicial or quasi-judicial proceedings are not entitled to pre-trial discovery as a

---

*Examination of witnesses; depositions* —Witnesses shall be examined orally under oath, except that for good cause shown after the issuance of a complaint, testimony may be taken by deposition.
(a) Applications to take depositions * * * shall be made to the regional director prior to the hearing, and to the trial examiner during and subsequent to the hearing but before transfer of the case to the Board * * *. The re-

gional director or trial examiner, as the case may be, shall upon receipt of the application, if in his discretion good cause has been shown, make and serve upon the parties an order which will specify the name of the witness whose deposition is to be taken and the time, the place, and the designation of the officer before whom the witness is to testify * * *.

matter of constitutional right. Starr v. Commissioner of Internal Revenue, 226 F.2d 721, 722 (7th Cir.), cert. denied 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859 (1955); Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462 (1960). In fact, until Rule 26 of the Federal Rules of Civil Procedure (FRCP) became effective in 1938, pre-trial discovery was not available in the federal courts. Moreover, the National Labor Relations Act does not specifically authorize or require the Board to adopt discovery procedures. N.L.R.B. v. Globe Wireless, Ltd., 193 F.2d 748, 751 (9th Cir. 1951). Although section 6 of the Act does give the Board the necessary rule-making power to carry out the Act, the provision places the Board under no obligation to adopt particular pre-trial procedures. Indeed several cases arising under the Act have held that, although the Board may possess the necessary rule-making power, the circumstances under which discovery will be permitted is a matter committed to the Board's discretion. See Electromec Design & Development Co. v. N.L.R.B., 409 F.2d 631, 635 (9th Cir. 1969); N.L.R.B. v. Vapor Blast Mfg. Co., 287 F.2d 402, 407 (7th Cir.), cert. denied 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28 (1961); North American Rockwell Corp. v. N.L.R.B., 389 F.2d 866, 871–872 (10th Cir. 1968).

■ The predecessor of the present Board Rule 102.30 was adopted and became effective in 1935, three years before Rule 26 of the FRCP entitled litigants in federal courts to take depositions "for the purpose of discovery." That Board Rule was patterned after former Equity Rule 47, which Rule 26 of the FRCP superseded, and which permitted the taking of depositions "upon good and exceptional cause" for the purpose of obtaining and preserving evidence for trial, not for the purpose of

discovery.[3] The Board's Rule has not changed substantially; it did not then authorize, and has not since authorized the taking of depositions for discovery purposes. The Board has consistently upheld this interpretation and has construed the Rule as requiring more than a showing that the taking of depositions would aid counsel in the preparation of his case for trial. See Mastro Plastics Corp., 136 N.L.R.B. 1342, 1344, n. 7 (1962), enforced in relevant part, Master Plastics Corp. v. United States, 354 F.2d 170, cert. denied 384 U.S. 972, 86 S.Ct. 1862, 16 L.Ed.2d 682 (1965); Van Raalte, Inc., 69 N.L.R.B. 1326, 1327 (1946); Walsh-Lumpkin Wholesale Drug Co., 129 N.L.R.B. 294, 296, n. 8 (1960); Plumbers and Steamfitters Union Local 100, 128 N.L.R.B. 398, 400 n. 8, enforced N.L.R.B. v. Plumbers and Steamfitters etc. 291 F.2d 927 (5th Cir. 1961); Del E. Webb Constr. Co., 95 N.L.R.B. 377, n. 2. In short, Rule 102.30 does not on its face, or as interpreted by the Board, provide for the taking of depositions for the purpose of pretrial discovery.

The Board's policy, moreover, is a logical one. Indeed, other administrative agencies have the same policy. In FMC v. Anglo-Canadian Shipping Co., 335 F. 2d 255 (9th Cir. 1964), the Ninth Circuit held that the Merchant Marine Act does not warrant, much less require, the adoption of pre-trial discovery procedures by the Federal Maritime Commission. The same result has been reached in proceedings in which pre-trial discovery has been sought before the Tax Court of the United States. See Louisville Buildings Supply Co. v. Commissioner of Internal Revenue, 294 F.2d 333, 339–342 (6th Cir. 1961). The Administrative Procedure Act contains no provision for pre-trial discovery in the administrative process, and our research discloses no federal agency which gives litigants the right

3. As the Historical Commentary to Rule 26, FRCP, indicates (at p. 291), "Equity Rule 47 authorized * * * taking depositions of named witnesses for use at the trial for good and exceptional cause for departing from the general rule, the general rule being 'no depositions.' The purpose here was not discovery but obtaining proof" (quoting from 45 W.Va. L.Q. 5).

to pre-hearing discovery in proceedings before it.[4]

We are not persuaded by the contrary position taken by the Fifth Circuit. In N.L.R.B. v. Safway Steel Scaffolds Co. of Georgia, 383 F.2d 273 (5th Cir.), cert. denied 390 U.S. 955, 88 S.Ct. 1052, 19 L.Ed.2d 1150 (1967), and N.L.R.B. v. Miami Coca-Cola Bottling Co., 403 F. 2d 994 (5th Cir. 1968), it stated that Rule 102.30 does provide for pre-hearing discovery. This position, however, not only ignores the origins of the Rule, but rests on three untenable premises: first, that a 1947 amendment to section 10(b) of the Act requires the Board to provide for pre-hearing discovery where practicable; second, that a Committee on Revision of the Board's Rules and Regulations subsequently recommended that the Board's rules be revised to adopt a pre-hearing discovery procedure; and finally, that section 102.30 of the Board's rules was thereafter amended to incorporate the recommended change.

Section 10(b) of the Act provides that Board proceedings, where "practicable," shall be conducted in accordance with the "rules of evidence" applicable in the federal district courts. On its face this amendment regulates the introduction of evidence at Board hearings, without imposing on the Board any particular pre-trial procedures—such as discovery—which do not by any standard constitute rules of evidence. The legislative history of section 10(b) confirms this. Under the original Act, section 10(b) provided that "[i]n any such pro-

ceeding the rules of evidence prevailing in courts of law or equity shall not be controlling." This provision was heavily criticized on the ground that it allowed too much incompetent evidence to get into the record of Board hearings. It was solely to meet that criticism that section 10(b) was amended in 1947. See 93 Cong.Rec. 3529, I Legislative History of the Labor Management Relations Act, 1947, p. 697 (hereafter "Leg.Hist."); House Report No. 245, on H.R. 3020, 80th Cong. 1st Sess. pp. 5, 40–41, 43, I Leg. Hist. 296, 331–332, 334; House Conference Report No. 510, on H.R. 3020, p. 53, 1 Leg.Hist. 557; 93 Cong.Rec. 3529 (Remarks of Rep. Owens, I Leg.Hist. 697; 93 Cong.Rec. 7345) (Remarks of Rep. Lesinski, I Leg.Hist. 910).[5] Moreover the Board has held that the amended section 10(b) "clearly relates to the introduction of evidence before the Board, and not to pre-trial privilege accorded parties to judicial proceedings." Del E. Webb Construction Co., 95 N.L.R.B. 377 n. 2 (1951).

Second, we believe that the Fifth Circuit erred when it indicated that discovery procedures were recommended by the 1960 Committee on Revision. Although Board Member Jenkins, in a working memorandum dated January 1960 (45 LRRM 94, 101), urged that a discovery procedure be formulated and proposed by the Committee, this plainly was not done. The Committee's proposed modification of Rule 102.30 would have preserved the requirement that good cause be shown and would have provided for

---

4. Nevertheless, we recognize that some authorities have taken the position that there should be pre-trial discovery in administrative proceedings. See Berger, Discovery in Administrative Proceedings, 12 Ad.L.Bull. 28 (1959); Berger, Discovery in Administrative Proceedings: Why Agencies Should Catch up with the Courts, 46 A.B.A.J. 74 (1960); Kaufman, Have Administrative Agencies Kept Pace with Modern Court-Developed Techniques against Delay?—A Judge's View, 12 Ad. L.Bull. 103, 115 (1959–60); Gallagher, Use of Pre-Trial as a Means of Overcoming Undue and Unnecessary Delay in Administrative Proceedings, 12 Ad.L.Bull.

44 (1959–60); and Cox, Adherence to the Rules of Evidence and Federal Rules of Civil Procedure as a Means of Expediting Proceedings, 12 Ad.L.Bull. 51, 55 (1959–60).

5. For example, in commenting upon the change, Representative Hartley, one of the Act's sponsors, stated that the provision "changes the procedure as to *the introduction of evidence before the Board.* It must now be conducted in accordance with the 'rules of evidence applicable in the district courts * * *'" (emphasis supplied). 93 Cong.Rec. 3529, I Legislative History of the Labor Management Relations Act, 1947, p. 697.

the taking of "testimony by deposition upon oral examination or written interrogatories *for use as evidence in the hearing*" (emphasis added), thus preserving the distinction, recognized in the Federal Rules and long applied in Board practice, between depositions taken "for the purpose of discovery" and those taken "for use as evidence in the action." Finally, we think that the Fifth Circuit was mistaken in its view that the Board's rules were modified to incorporate the changes recommended by the Committee on Revision. Rule 102.30 was first promulgated in its present form in 1942, and not a word of substance has been changed since.

Furthermore, even under the Fifth Circuit's interpretation of Rule 102.30, we would sustain the action of the trial examiner. That rule gives the Board discretion to determine whether to allow the adversary litigant to take depositions. In both *Safway* and *Miami Coca Cola, supra,* the court stated that whether depositions are permitted for discovery purposes in a particular case depends upon whether in the trial examiner's opinion good cause has been shown. Thus, even if we accepted the Fifth Circuit's position, we could not deny enforcement of the Board's order on the ground that the trial examiner denied the Company's application to take depositions, unless we found that such ruling constituted an abuse of discretion—a condition which has been found to exist only if the denial "is demonstrated to clearly prejudice the appealing party." Electromec Design & Development Co. v. N.L.R.B., 409 F.2d 631, 635 (9th Cir. 1969). See also N.L.R.B. v. Leprino Cheese Co., 73 LRRM 2865 (10th Cir. decided March 31, 1970). As we indicate below, however, no such prejudice was shown here. Indeed, the Fifth Circuit decisions cited by the Company itself indicated that no prejudice was suffered in those cases because those from whom depositions were sought appeared as witnesses at the hearing and were thus made available to cross-examination by the party seeking discovery. See N.L.R.B. v. Safway Steel

Scaffolds Co. of Georgia, 383 F.2d 273, 277 (5th Cir. 1967); and N.L.R.B. v. Miami Coca-Cola Bottling Co., 403 F.2d 994, 996 (5th Cir. 1968). Similarly in this case, the Company's counsel had ample opportunity to cross-examine the Landers at the hearing about the matters on which he wanted to depose them.

The Company's third claim is that it was denied a fair hearing because the trial examiner denied its motion for an adjournment. Company counsel argues that since he was not allowed to take the Landers' depositions, he was confronted at the hearing *for the first time* with information concerning the Board's case and that therefore he was entitled to a reasonable adjournment to analyze the Board's findings and to prepare his case. It is clear that the granting or denial of a continuance is a matter within the trial examiner's discretion; but if there had been adduced at the hearing evidence which was crucial to the Company's case and which was unforeseen, that is, some information which Company counsel had no way of learning beforehand, then denial of a suitable adjournment would have constituted an abuse of discretion. In the circumstances of this case, however, no such showing was made. All the evidence which the Company claims was unforeseen was available to the Company counsel before the hearing. Some of the data had been derived from the Company's own sources, some was described with sufficient specificity in the specifications to permit the Company to verify it, and the remainder could have been discovered by the Company counsel if he had used the subpoenas which he requested and received.

The respondent also claims that adjournment should have been granted because there were several witnesses whom he wished to produce and who were the only ones qualified to testify on the employment conditions at the time, but who were not available at the time of the hearing. But as the trial examiner stated, "respondent offered no explanation why application for a postponement

of the hearing was not requested prior to the hearing because of the absence from the city of these witnesses on the scheduled hearing date, nor was any attempt made to take their depositions prior to the hearing if they could not be present on the day of the hearing." Thus the request for an adjournment was properly denied.

Order enforced.