John J. VILLANI and Donald Eucker, Plaintiffs,

v.

NEW YORK STOCK EXCHANGE, INC., Defendant.

Fergus M. SLOAN, Jr., Plaintiff,

v.

NEW YORK STOCK EXCHANGE, INC., Defendant.

Nos. 72 Civ. 1765, 72 Civ. 1516.

United States District Court, S. D. New York.

March 15, 1973.

Mark F. Hughes, Willkie, Farr & Gallagher, New York City, for plaintiffs John J. Villani and Donald Eucker.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff Fergus M. Sloan, Jr.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant.

LASKER, District Judge.

The New York Stock Exchange ("Exchange") seeks reargument of our order dated December 4, 1972, to the extent that it grants plaintiffs' motions for preliminary injunctions by allowing plaintiffs to inspect all documents within defendant's possession relating to defendant's disciplinary charges against plaintiffs. Upon consideration of the briefs submitted by all parties, our order of December 4, 1972 is modified to delete the second and third ordering paragraphs. The court's findings of fact and conclusions of law are modified accordingly.

In N.L.R.B. v. Interboro Contractors, Inc., 432 F.2d 854 (2d Cir. 1970), cert. denied, 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971), Chief Judge Lumbard, in rejecting respondent's objection that the Board's procedures denied him a fair hearing because he had no opportunity to depose the Board's witnesses or review its documents prior to introduction of the testimony and documents at the hearing, unequivocally stated:

> "It is well settled that parties to judicial or quasi-judicial proceedings are not entitled to pre-trial discovery as a matter of constitutional right." (At pp. 857–858.)

Our attention is also drawn to the fact that the Securities and Exchange Commission, the federal agency which shares with the Exchange powers of sanction in the subject matter of this case, does not allow litigants the right to pre-hearing discovery in hearings before it. See 17 C.F.R. 201.11.1. The S.E.C. Regulations require it only to produce "Jencks Act material" after the direct testimony of the witness. 17 C.F.R. § 201.11.1, thus incorporating the substance of 18 U.S.C. § 3500, and we do not understand the plaintiffs to contend that the regulations are constitutionally invalid.

Were we to write on a clean slate, we might well adhere to our prior ruling since, as a matter of equity, we think a strong argument exists that a person subject to the possibly devastating result of disciplinary action, which may well cause loss of reputation and income, should be entitled to inspect the documents in the hands of his accuser—subject, of course, to the protective conditions specified in our original determination. We find considerable merit in the proposition that "Probably no sound reason can be given for failure to extend to administrative adjudication the discovery procedures worked out for judicial proceedings." Davis, Administrative Law Treatise, p. 589 (1958 ed.) as quoted in Berger, 12 Ad.L.Rev. 28 (1959) "Discovery in Administrative Proceedings."[1] Any change in the law, however, must come from Congress or a higher court.

---

1. Berger, himself, comments at p. 28:
   "It is singular that the administrative process, which has been in the forefront of the movement to liberalize pleading and evidence, should lag behind the courts in the field of discovery. For the Federal Rules of Civil Procedure give an almost 'unlimited right of discovery,' (quoting 4 Moore, Fed. Prac. 2025 (2d ed. 1950) and it is generally agreed that these discovery provisions have 'increased the efficiency of the administration of justice in the federal courts.'"
   (Quoting Moore *supra* at 1014)
   In addressing a conference of federal trial examiners, Judge Irving R. Kaufman has expressed similar views at 12 Ad.L.Rev. 103, 114 (1959):
   "There is another reason why you may have had trouble with your pre-hearing conferences. I refer to the absence of any meaningful discovery procedures. How can you ask anyone to lay his cards on the table when he feels the cards haven't been dealt yet. He doesn't know what his defense is because he's not sure of what he's really accused. Your pre-hearing conferences are frequently the only available discovery procedure rather than, as is generally true in the Federal courts, the final discovery procedure."