Fergus M. SLOAN, Plaintiff-Appellant,

v.

NEW YORK STOCK EXCHANGE, INC.,
Defendant-Appellee.

John J. VILLANI and Donald Eucker,
Plaintiffs-Appellants,

v.

NEW YORK STOCK EXCHANGE, INC.,
Defendant-Appellee.

Nos. 213, 343, 344, Dockets 73–1140,
73–1656, 73–1812.

United States Court of Appeals,
Second Circuit.

Argued Oct. 25, 1973.

Decided Dec. 11, 1973.

**2**

Judith S. Kaye, New York City (Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, James E. Tolan and Joseph C. Kaplan, New York City, of counsel), for appellant Sloan.

Mark F. Hughes Jr., New York City (Kraft & Hughes, Newark, N. J.), for appellants Villani and Eucker.

Russell E. Brooks New York City (Milbank, Tweed, Hadley & McCloy, New York City., David F. Jurca, New York City, of counsel), for appellee.

Before SMITH, FEINBERG and OAKES, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a decision of the United States District Court, Southern District of New York, Morris E. Lasker, Judge, 348 F.Supp. 1185, October 3, 1972, as amended March 15, 1973,[1] 367 F.Supp. 1124, denying appel-

1. Lasker, D. J.

The New York Stock Exchange ("Exchange") seeks reargument of our order dated December 4, 1972, to the extent that it grants plaintiffs' motions for preliminary injunctions by allowing plaintiffs to inspect all documents within defendant's possession relating to defendant's disciplinary charges against plaintiffs. Upon consideration of the briefs submitted by all parties, our order of December 4, 1972 is modified to delete the second and third ordering paragraphs. The court's findings of fact and conclusions of law are modified accordingly.

In N.L.R.B. v. Interboro Contractors, Inc., 432 F.2d 854 (2d Cir. 1970), cert. denied, 402 U.S. 915 [91 S.Ct. 1375, 28 L.Ed.2d 661] (1971), Chief Judge Lumbard, in rejecting respondent's objection that the Board's procedures denied him a fair hearing because he had no opportunity to depose the Board's witnesses or review its documents prior to introduction of the testimony and

documents at the hearing, unequivocally stated:

"It is well settled that parties to judicial or quasi-judicial proceedings are not entitled to pre-trial discovery as a matter of constitutional right." (At pp. 857–58.)

Our attention is also drawn to the fact that the Securities and Exchange Commission, the federal agency which shares with the Exchange powers of sanction in the subject matter of this case, does not allow litigants. the right to pre-hearing discovery in hearings before it. See 17 C.F.R. 201.11.1. The S.E.C. Regulations require it only to produce "Jencks Act material" after the direct testimony of the witness. 17 C.F.R. § 201.11.1, thus incorporating the substance of 18 U.S. C. 3500, and we do not understand the plaintiffs to contend that the regulations are constitutionally invalid.

Were we to write on a clean slate, we might well adhere to our prior ruling since, as a matter of equity, we think a strong ar-

lants' motions for preliminary injunctive relief. We affirm.

Until 1970, appellants John J. Villani, Donald Eucker and Fergus M. Sloan were partners in Orvis, a member firm of the New York Stock Exchange (Exchange). In the summer of that year, the Exchange ordered the liquidation of Orvis because the firm was in severe financial difficulty. During the Orvis liquidation, the Exchange determined that Orvis had a deficit of five million dollars, and pursuant to an agreement signed by the Orvis partners the Exchange began paying that money to creditor Orvis customers from the Exchange's Special Trust Fund.

The Exchange next began an investigation of the Orvis collapse, which ended in charges being brought against the Orvis partners, including appellants. Appellants denied any guilt and asked to see all documents in the possession of the Exchange relating to their case. The Exchange refused to give them access to documents other than those which the Exchange planned to use against appellants.

One week after it brought charges against appellants, the Exchange commenced a civil suit against the Orvis partners to recover the five million dollars it had paid from its fund. The claims of misconduct in that civil suit are essentially the same as those directed against appellants in the disciplinary proceeding. Appellant Sloan and several other partners counterclaimed in the civil suit, alleging misconduct by the Exchange and Exchange liability to the extent of two million dollars.

After appellants began the instant legal action and before the court below rendered its decision, the Exchange amended its disciplinary rules, establishing a Hearing Panel of three persons, two who are Exchange members but not also members of the Exchange Board of Directors and a presiding Hearing Officer who is a member of the Exchange staff but who is unrelated to the prior proceedings or investigation. Two votes are necessary for disciplinary action, and any party can appeal the decision of the panel to the Exchange Board of Directors.

Appellants seek to halt the disciplinary proceeding because it is not impartial, gain access to documents in the possession of the Exchange, use Orvis assets now in the control of the liquidator for purposes of defending themselves in court, and obtain an order directing the Exchange to approve their applications for managerial positions with member firms. We agree substantially with Judge Lasker's disposition of these claims, reported at 348 F.Supp. 1185, as amended re discovery, *see* n. 1, *supra*.

Appellants' first contention is that the Exchange disciplinary proceeding must be halted because the panel is biased. The essence of this claim is that since the Exchange and appellants oppose one another in a separate civil action in which the charges brought in the disciplinary proceeding are material, the Exchange cannot render an impartial judgment as to those charges.

A combination of factors convinces us that this argument should be

---

gument exists that a person subject to the possibly devastating result of disciplinary action, which may well cause loss of reputation and income, should be entitled to inspect the documents in the hands of his accuser—subject, of course, to the protective conditions specified in our original determination. We find considerable merit in the proposition that "Probably no sound reason can be given for failure to extend to administrative adjudication the discovery procedures worked out for judicial proceedings." Davis, Administrative Law Treatise, p. 589 (1958 ed.) as quoted in Berger, 12 Ad.L.Rev.

28 (1959) "Discovery in Administrative Proceedings." Any change in the law, however, must come from Congress or a higher court.

The motion for reargument is granted. The order of December 4, 1972 is modified to delete the second and third ordering paragraphs.

It is so ordered.

Dated: New York, New York
March 15, 1973.

/s/ MORRIS E. LASKER
*U.S.D.J.*

[footnote omitted]

**4**

rejected. First, appellants are challenging a condition inherent in the Securities Exchange Act of 1934. While that statute guarantees parties subject to disciplinary proceedings the rudiments of fairness, Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963), Congress clearly intended that exchanges function as self-regulatory bodies. If disciplinary proceedings were to come to a halt whenever an exchange sought relief in a civil suit and the defendant counterclaimed, this regulatory framework would be undermined. Second, when appellants became members of the Exchange they consented, quite knowingly and intelligently to disciplinary procedures less generous than those they now challenge. Third and most significant, the interests of the panel members are sufficiently attenuated from the outcome of the proceeding to make the possibility of partiality quite remote. The panel sits in a representative capacity, and the outcome of the proceeding will of course not be admitted as evidence in the civil suit. *Cf.* Hyatt v. United Aircraft Corp., 50 F.R.D. 242, 246–247, n. 4 (D.Conn.1970).

■ Appellants also contend that the appeal procedure is biased. We agree with Judge Lasker that while this issue is troublesome, it is raised prematurely.

■ Appellants' third argument is that the Orvis liquidator should be directed to allow appellants to use remaining Orvis assets to pay attorney's fees incurred in appellants' defense of the civil action. The court below rejected this claim, holding that the liquidation agreement signed by appellants provided otherwise. Appellants argue that principles of equity govern, not the agreement. However, the money appellants seek would come out of the pockets of disappointed Orvis customers, not from Exchange members. An argument based on principles of equity which reaches such a result must fail.

■ We must also reject appellants' contention that the Exchange should be enjoined from denying appellants' applications for managerial positions with member firms. Judge Lasker weighed the interests at stake, public and private, and found the balance to tip sharply against that request. We cannot say that he was mistaken in that decision.

Finally, appellants argue that they should be allowed access to Exchange documents relevant to the preparation of their defense in the disciplinary proceeding. The court below at first agreed with appellants on this point, 348 F. Supp. at 1192, but reversed this conclusion in its amended decision. In reversing itself, the court below felt bound by prior case law in this circuit. NLRB v. Interboro Contractors, Inc., 432 F.2d 854 (2d Cir.), cert. denied, 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971).

If this were the only discovery available to appellants, we might agree with Judge Lasker's initial analysis of the issue. However, we do not reach that issue since broad discovery has been and is available to appellants through the medium of the civil suit, and, we were assured on oral argument, has been extensively used, and the issue is therefore moot for all practical purposes.

Affirmed.