**AMSOIL, INC., a Delaware corporation, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, and Robert Wilson, Regional Director of the National Labor Relations Board, Eighteenth Region, Defendants.**

**No. Civ. 4–81–460.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 5, 1981.

J. Dennis O'Brien and Dayle Nolan, Le-Fevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, Minn., for plaintiff.

Aileen A. Armstrong, Deputy Asst. Gen. Counsel, Washington, D. C., for Sp. Litigation, Corinna Metcalf, Atty., N. L. R. B., Washington, D. C., and Herbert S. Dawidoff, Regional Atty., N. L. R. B., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on two motions. The defendants, National Labor Relations Board (Board) and its Regional Director Robert Wilson, have moved pursuant to Federal Rule of Civil Procedure 12(b) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The plaintiff, Amsoil, Inc., has moved for a preliminary injunction enjoining the defendants from proceeding with an unfair labor practice hearing scheduled for November 30, 1981, until after the defendants permit the plaintiff to take depositions in preparation for the hearing. For the reasons stated herein, the defendants' motion to dismiss will be granted.

FACTS

Amsoil is engaged in the manufacture and non-retail sale and distribution of synthetic lubricants and related automotive products. Its employees were not unionized in 1980. On January 21, 1981, the General Drivers, Warehousemen, Helpers and Inside Employees Union, Local No. 346 filed a charge against Amsoil with the Board, alleging that Amsoil had engaged in certain improper conduct. The union charged that Amsoil conducted surveillance of employees attending a union meeting and threatened employees with layoffs and loss of benefits if the employees chose to be represented by a union. The union also alleged that Amsoil improperly laid off a number of employees. The Board filed an unfair labor practice complaint against Amsoil on March 27, 1981. It also noticed a hearing for November 30, 1981. Amsoil filed an answer on April 2, 1981.

By letter dated May 28, 1981, Amsoil applied to the Board Regional Director to depose 17 individuals, including 16 employees or former employees. The application was made pursuant to section 102.30 of the Rules and Regulations, Series 8, of the Board, which provides:

> The regional director . . . shall upon receipt of the application [to take depositions], if in his discretion good cause has been shown, make and serve upon the parties an order which will specify the name of the witness whose deposition is to be taken and the time, the place, and the designation of the officer before whom the witness is to testify . . . .

12 C.F.R. § 102.30(a) (1980). The Regional Director, by an order dated June 2, 1981, determined that Amsoil's reason for taking depositions was to seek pretrial discovery and did not constitute good cause. He denied the application to take depositions.

Amsoil appealed the denial of the Regional Director to the Executive Secretary of the Board. The appeal was denied by the Board on June 29, 1981.

Amsoil filed its complaint in the federal district court on July 28, 1981. The complaint alleges that the Regional Director is under a statutory mandate of section 10(b) of the Labor Management Relations Act, 29 U.S.C. § 160(b), to permit discovery so far as practicable. It alleges that the denial of permission allowing Amsoil to engage in pretrial discovery in an unfair labor practice proceeding constitutes unreasonable, arbitrary and capricious conduct in violation of 29 U.S.C. § 160(b). Amsoil predicates jurisdiction of the federal district court on the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 1345. It seeks an order compelling the Board to permit discovery and enjoining the Board from holding a hearing on the unfair labor practice complaint until 30 days after permitting discovery.

## DISCUSSION

■ In general, judicial review of action taken by the Board is limited to the United States courts of appeals. 29 U.S.C. § 160(f); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48–49, 58 S.Ct. 459, 462–63, 82 L.Ed. 638 (1938). The United States Supreme Court, however, has carved out an exception to this rule. In *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the Supreme Court held that federal district courts have jurisdiction to enjoin actions of the Board in certain limited circumstances. In *Leedom v. Kyne*, the Board had established a bargaining unit consisting of both professional and nonprofessional employees without permitting the professional employees to vote on the matter as expressly required by section 9(b)(1) of the National Labor Relations Act. The Supreme Court held:

> This suit is not one to "review," in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the act. Section 9(b)(1) is clear and mandatory

> . . . . Plainly, this was an attempted exercise of power that had been specifically withheld. It deprived the professional employees of a "right" assured to them by Congress. Surely, in these circumstances, a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given.

358 U.S. at 188–89, 79 S.Ct. at 183–84. A factor heavily relied upon by the Supreme Court was the unavailability of any adequate remedy for the professional employees if the federal district courts had no jurisdiction. Congress had granted the professional employees a right not to have to bargain with nonprofessional employees unless they consented to do so. The professional employees could not obtain review in a court of appeals of the Board's action. The Court held that where Congress grants a right "it must be held that [Congress] intended that right to be enforced . . . ." 358 U.S. at 191, 79 S.Ct. at 185. In summary, *Leedom v. Kyne* established the proposition that district courts have jurisdiction apart from the review provisions of the National Labor Relations Act, to strike down orders of the Board which contravene an express statutory mandate.

The jurisdictional issue here is whether this case falls within the *Leedom v. Kyne* exception. The plaintiff contends that there is a clear statutory mandate requiring the Board to permit depositions in unfair labor practice hearings. Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), provides for the filing of unfair labor practice proceedings by the Board. It also provides:

> Any such proceeding shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to section 2072 of Title 28.

This provision has been interpreted in different ways in the courts of appeals. In *N. L. R. B. v. Safway Steel Scaffolds Co.*, 383 F.2d 273 (5th Cir.), *cert. denied*, 390 U.S. 955, 88 S.Ct. 1052, 19 L.Ed.2d 1150 (1967), the Fifth Circuit, on review of a final order

of the N.L.R.B., held that the Board's trial examiner erred in ruling that he had no discretion to permit depositions. The Fifth Circuit interpreted section 10(b) of the Act and Board Rule 102.30 as a grant of authority to trial examiners to permit the taking of depositions when practical and when good cause is shown. However, the Fifth Circuit declined to reverse the Board's decision in this case because it found "that the denial of the motion for leave to take depositions was a technical error which did not result in prejudice to the respondent's case." 383 F.2d at 277. *Accord, N. L. R. B. v. Miami Coca-Cola Bottling Co.,* 403 F.2d 994 (5th Cir. 1968); *N. L. R. B. v. Rex Disposables, Division of DHJ Industries, Inc.,* 494 F.2d 588 (5th Cir. 1974).

The Second Circuit, however, has rejected the Fifth Circuit's interpretation of section 10(b) of the Act. In *N. L. R. B. v. Interboro Contractors, Inc.,* 432 F.2d 854 (2d Cir. 1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971), it interpreted section 10(b) as follows:

> Section 10(b) of the Act provides that Board proceedings, where "practicable," shall be conducted in accordance with the "rules of evidence" applicable in the federal district courts. On its face this amendment regulates the introduction of evidence at Board hearings, without imposing on the Board any particular pretrial procedures—such as discovery—which do not by any standard constitute rules of evidence. The legislative history of section 10(b) confirms this. Under the original Act, section 10(b) provided that "[i]n any such proceeding the rules of evidence prevailing in courts of law or equity shall not be controlling." This provision was heavily criticized on the ground that it allowed too much incompetent evidence to get into the record of Board hearings. It was solely to meet that criticism that section 10(b) was amended in 1947 . . . .

432 F.2d at 859. Under this interpretation, section 10(b) relates only to introduction of evidence at the unfair labor act hearing, leaving the Board free to establish the prehearing procedures. The Board has done so in Board Rule 102.30.

The existence of these differing interpretations is probative evidence that the Court lacks subject matter jurisdiction. *Leedom v. Kyne* authorizes district courts to block Board actions that violate a clear statutory mandate. If courts of appeals cannot agree on the meaning of a statutory provision, then it certainly is not a clear mandate. It should be noted that what is at issue here is whether the Board's denial of depositions violates section 10(b), not its authority to enact Board Rule 102.30, nor its interpretation of that rule. Indeed, even the Fifth Circuit cases do not question the validity of Rule 102.30. In *N. L. R. B. v. Miami Coca-Cola Bottling Co.,* 403 F.2d 994 (5th Cir. 1968), the court held that the Board's denial of depositions was not error because the respondent failed to present good cause for taking depositions. Good cause is required only by Rule 102.30, not by section 10(b).

█ When deciding whether jurisdiction exists in this case, the Court must determine for itself whether the relevant portion of section 10(b) establishes a clear statutory mandate that the Board must follow. On this point, the Court notes that the Court of Appeals for the Eighth Circuit has not had an opportunity to interpret this portion of section 10(b). In the absence of guidance from the Eighth Circuit, it is the judgment of this Court that the Second Circuit correctly interpreted section 10(b) in *N. L. R. B. v. Interboro Contractors, Inc.* The statute requires that unfair labor practice hearings shall be conducted "in accordance with the rules of evidence" that apply in district courts. The language deals only with the conduct of the hearing itself, not prehearing matters. Congress certainly could—and perhaps should—make all the rules of civil procedure applicable to Board unfair labor practice hearings, but under a straightforward reading of section 10(b), it has not done so. The Court believes that the Board should enact rules permitting greater use of discovery techniques. However, the Court concludes that the Board is not required by section 10(b), as it is currently written, to do so.

█ Moreover, the availability of judicial review of the Board's denial of depositions

militates against finding that jurisdiction exists. Both the Second Circuit and the Fifth Circuit addressed the issue now before the Court on review of final orders of the Board. The plaintiff in this case should also be able to obtain review in the Court of Appeals for the Eighth Circuit of the denial of depositions in the event that the Board should rule against the plaintiff.

For the reasons stated herein, it is the conclusion of the Court that this lawsuit must be dismissed for lack of subject matter jurisdiction. Because of this disposition of the case, it is unnecessary to address the merits of the plaintiff's motion for a preliminary injunction.

IT IS HEREBY ORDERED that the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.