638 A.2d 1217

**REPLACEMENT RENT–A–CAR, INC., et al.**

**v.**

**Clark Wayne SMITH, et al.**

**No. 940, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

March 31, 1994.

Roger N. Powell, Baltimore, for appellants.

Lee D. Hoshall, Asst. Gen. Counsel (Glendora C. Hughes, Gen. Counsel, on the brief), Baltimore, for appellee, State of Md. Com'n on Human Relations.

Argued before WILNER, C.J., and BLOOM and MURPHY, JJ.

WILNER, Chief Judge.

On August 4, 1986, Clark Smith filed a complaint of employment discrimination with the Human Relations Commission. Mr. Smith alleged that he was black, that he had been employed by Replacement Rent–A–Car, Inc. as an assistant manager, that his employment had been terminated on the

pretext that the employer could no longer fund the position, but that, upon his termination, the employer hired a white person to fill the position.

The Commission investigated the complaint and, on October 20, 1987, issued a written finding that there was probable cause to believe that Mr. Smith had been discharged because of his race in violation of Md.Code art. 49B, § 16. When efforts at conciliation failed, the matter was set for public hearing. This, in turn, was followed on June 2, 1989, by a formal Statement of Charges filed against appellant, which, by merger effective June 30, 1988, had become the corporate successor to Replacement Rent–A–Car, Inc. Appellant promptly answered the charges on June 20, 1989. Although it admitted some of the non-consequential allegations, it denied any wrongdoing and demanded strict proof from the Commission.

The record indicates that a pre-hearing conference was scheduled for July 27, 1989, at which the parties were to submit a written memorandum specifying their factual and legal contentions, identifying all exhibits intended to be offered into evidence, and identifying all lay and expert witnesses intended to be called. That conference, we are informed, was not held.

On December 19, 1989, in preparation for another pre-hearing conference scheduled for January 31, 1990 before an Administrative Law Judge, appellant filed a petition to permit it to serve an attached set of 24 interrogatories on Mr. Smith. These interrogatories sought certain personal information as well as Smith's employment history, his sources of income, and details with respect to certain testimony that he might give. The Commission objected to the interrogatories on the ground that enforceable discovery was limited to the production of documents and other tangible things. Cited in support of that averment was COMAR 14.03.01.07 J., which indeed so limits discovery. Section J.(1) of the regulation permits discovery of documents, objects, and other tangible things. Section J.(3), however, provides that, prior to the time of a scheduled pre-

hearing conference, no discovery at all may be undertaken, except by agreement of the parties.

It appears that the request for discovery was considered at the pre-hearing conference and was denied. On March 15, 1990, the Administrative Law Judge entered an order formally denying the request for interrogatories.

A public hearing on the complaint was held on June 5, 1990, before an ALJ in Rockville. At the commencement of that hearing, counsel for appellant moved for a 60-day postponement, contending that he had just recently discovered the whereabouts of a critical witness, Doug Bufton, who had been Replacement Rent-A-Car, Inc.'s district manager at the time of Smith's termination. Counsel noted that appellant was the successor corporation, by virtue of a merger, to Replacement Rent-A-Car, Inc. and averred that he had no information about the case other than that supplied by the Commission. He said that he first contacted Mr. Bufton the previous night and that Bufton would testify that one of the documents relied upon by the Commission was a forgery. In response to a question from the ALJ, counsel said that Bufton worked for a competitor car rental agency in Towson. Appellant wanted the continuance to allow Bufton to testify and to obtain a handwriting expert to examine the now-disputed document.

The Commission opposed the motion. It pointed out that the Commission had known of Bufton, and his address and telephone number, for a long time, and there was no excuse for appellant not having interviewed him earlier. Commission counsel said that he was surprised when appellant did not include Bufton's name on his list of witnesses. He noted that appellant was represented throughout the investigation, that it was aware of all the documents, and that it never raised a question as to their authenticity. He said that he was unaware of any forgery, and, if a document was forged, the Commission had nothing to do with the forgery. Counsel said that all of the Commission's witnesses were present and that the Commission was prepared to proceed.

In response, appellant's attorney said that he was ready to proceed "with the presentation of Mr. Bufton based on my interview of Mr. Bufton last night," and, with that, proffered that Bufton would say that, if his signature did not appear on the discharge summary, it was a forgery, as he would have signed any such summary. The ALJ thereupon decided to hold the motion in abeyance and proceed with the hearing, which she did. Mr. Smith testified and was extensively cross-examined.

The next morning, the ALJ took up appellant's motion and denied it. She noted that counsel had been in the case for appellant since June, 1989, and that the written finding of probable cause by the Commission clearly referred both to Mr. Bufton and to the discharge summaries. She recounted also that Bufton's name, address, and telephone number were in the Baltimore telephone book and thus concluded that appellant had not used due diligence in locating and talking with Bufton. She said that she was prepared to complete the hearing that day and therefore denied any postponement. Counsel then asked simply to be allowed to summons Bufton—although he characterized him as a potentially hostile, unwilling witness—which the ALJ denied because of appellant's failure to list him as a witness. In that regard, the record indicates that, in a pre-hearing conference order entered on February 1, 1990, promptly following the conference on January 31, the parties were directed to submit their final list of witnesses at least 30 days before the scheduled June 5 hearing. Appellant submitted a list on May 9, containing the name of one witness, Charles Moore.

The Commission completed its case with two additional witnesses. Appellant then called its one listed witness, regional vice-president Charles Moore, who acknowledged that he had no independent knowledge of why Mr. Smith's employment was terminated but said that he had been told that it was because Smith had been denied a promotion and had a bad attitude.

On June 9, 1992, the ALJ issued an extensive Provisional Opinion and Order, in which she made detailed findings of fact culminating in a conclusion that appellant had engaged in unlawful discrimination in terminating Mr. Smith's employment. She proposed a remedy of back pay and reinstatement. Appellant appealed that decision to the Commission appeal board which, in a Decision and Order dated December 8, 1992, affirmed and directed the relief recommended by the ALJ. A further appeal to the Circuit Court for Montgomery County produced the same result but also a stay of the Commission's order pending this appeal.

■ Appellant makes but one complaint before us—that the denial of its requested discovery prevented it from preparing for and defending against the Commission's claims at the public hearing. In a cross-appeal, the Commission contends that the court abused its discretion in staying the Commission's order.

■ In pressing its case, appellant cites liberally the Maryland Rules allowing discovery in court proceedings and cases noting the value of such discovery. Indeed, at one point in its brief, it elevates discovery to a due process right. It is, of course, immediately evident that the Maryland Rules relating to discovery apply only to proceedings in the circuit courts and not to proceedings before administrative agencies. *See* Md. Rule 1–101. It is equally well-established that there is no broad constitutional right to pre-hearing discovery in administrative proceedings and that any general right to such discovery must come from the statutes or rules governing those proceedings. *In Re Herndon,* 596 A.2d 592, 595 (D.C.App. 1991); *N.L.R.B. v. Interboro Contractors, Inc.,* 432 F.2d 854 (2d Cir.1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971).

■ There is no statutory right to pre-hearing discovery in proceedings before the Human Relations Commission. Neither the State Administrative Procedure Act nor the statute governing the Commission provides such an entitlement in

employment discrimination cases.[1] The availability of that procedure therefore emanates only from the Commission's regulation, which we have previously summarized.

This is not a case in which appellant was deliberately kept in the dark about the Commission's case—where only through the use of interrogatories or other judicial discovery techniques could it learn of the case being prepared against it. In lieu of those procedures, the Commission provides for pre-hearing conferences and for the filing by the parties, at least 30 days in advance of the public hearing, of a list of their witnesses and exhibits. The Commission provided that information in accordance with the pre-hearing order. Well before the hearing appellant had a copy of Mr. Smith's formal complaint, his handwritten narrative of the underlying basis of the complaint, the Commission's written findings and statement of charges, and the Commission's investigative file. In short, appellant was not forced into a hearing without the opportunity to discover information relevant to the Commission's claim. *See U.S. Health, Inc. v. State*, 87 Md.App. 116, 589 A.2d 485, *cert. denied*, 324 Md. 69, 595 A.2d 482 (1991). The problem was that it did very little to investigate the case, to locate and interview witnesses who were readily available, and to prepare for the hearing.

With respect to the Commission's cross-appeal, we believe that the court abused its discretion in staying the administrative order that it had affirmed, absent the posting of a bond with sufficient security to assure payment of the amount of back pay then due plus such amount as likely would become due during the pendency of the appeal. At this point, the issue is essentially moot, for there is no relief that we can now

---

1. Md.Code art. 49B, § 31 authorizes the Commission to "issue subpoenas and order discovery in aid of investigations and hearings *under this subtitle.*" (Emphasis added.) As its placement in the article and the title to the bill that enacted that section (1991 Md.Laws, ch. 571) make clear, the subtitle referred to is that dealing with discrimination in housing. Section 31 does not apply to employment discrimination cases.

give. We shall, however, vacate the stay entered by the court. The vacation of that stay is effective immediately.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.