12-335-ag (L)
Carnegie Linen Services, Inc. v. NLRB

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

Present:     AMALYA L. KEARSE,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

CARNEGIE LINEN SERVICES, INC.,

                  *Petitioner-Cross-Respondent*,

          -v-                              12-335-ag(L), 12-734-ag (XAP)


NATIONAL LABOR RELATIONS BOARD,

                  *Respondent-Cross-Petitioner*.

_____

Appearing for Petitioner:     NICHOLAS STEVENS, of counsel, Starr, Gern, Davison, & Rubin, P.C., Roseland, NJ.

Appearing for Respondent:     DOUGLAS CALLAHAN, Attorney (Usha Dheenan, Supervisor Attorney, *on the brief*), *for* Lafe E. Solomon, Acting General Counsel, Celeste J. Mattina, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, Washington, DC

Petition for review and cross-petition for enforcement of a decision and order of the National Labor Relations Board.


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED**.

Petitioner Carnegie Linen Services, Inc. ("Petitioner") petitions for the review of a decision of the National Labor Relations Board (the "Board") affirming an administrative law judge ("ALJ") finding that Petitioner violated Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(1), (3).   Respondent NLRB cross-petitions for enforcement of the December 31, 2011 NLRB order. We assume the parties' familiarity with the facts and procedural history of the case.

"We must enforce the Board's order if the Board's legal conclusions have a reasonable basis in law, and if its factual findings are supported by substantial evidence on the record as a whole." *NLRB v. Windsor Castle Health Care Facilities, Inc.*, 13 F.3d 619, 623 (2d Cir. 1994) (internal citation omitted).  "When the Board's findings are based on the ALJ's assessment of the credibility of the witnesses, they will not be overturned unless the testimony is hopelessly incredible or the findings flatly contradict either the law of nature or undisputed documentary testimony." *NLRB v. Thalbo Corp.*, 171 F.3d 102, 112 (2d Cir. 1999) (internal quotation marks omitted).

Section 8(a)(1) of the NLRA makes it "an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights" listed in Section 7 of the NLRA, which includes the right to "form, join, or assist labor organizations."  29 U.S.C. §§ 157, 158(a)(1).  The ALJ and the Board found that Petitioner violated Section 8(a)(1) by offering money to employee Jose Luis Diaz and inflicting bodily injury on Diaz in response to his union activities.  The ALJ credited Diaz's testimony that Michael Garlasco, Petitioner's general manager, offered Diaz money to cease his union activities, and that Gary Perlson, Petitioner's owner, threw coffee on Diaz in response to his union activities.  The ALJ did not credit testimony by Garlasco that he did not offer a bribe, or testimony by Garlasco and Diaz's supervisor Nelson Astacio that Perlson did not intentionally throw coffee.  The ALJ's credibility determinations are not flatly contradicted by the record.  Accordingly, substantial evidence supports the Board's findings.

 The ALJ also found that Petitioner violated Sections 8(a)(1) and 8(a)(3) . . . by terminating Diaz in response to his union activities.  Section 8(a)(3) of the NLRA makes it "an unfair labor practice for an employer by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3).  "A violation of 8(a)(3) in fact constitutes a derivative violation of Section 8(a)(1) when the employer's acts served to discourage union membership or activities[.]  The same proof is therefore required to establish a violation of either section." *Office & Prof'l Emps. Int'l Union v. NLRB*, 981 F.2d 76, 81 n.4 (2d Cir. 1992) (internal quotation

2

marks omitted). Evaluation of a claim in violation of Section 8(a)(3) requires a "dual motivation analysis." *NLRB v. Starbucks Corp.*, 679 F.3d 70, 80 (2d Cir. 2012). (The analysis is named after *Wright Line*, 251 NLRB 1083 (1980), the NLRB decision that originated it.). "Initially, the [Board] must establish a prima facie case that protected conduct was a motivating factor in the employer's decision to fire. The burden then shifts to the employer to show, as an affirmative defense, that the discharge would have occurred in any event and for valid reasons." *Starbucks*, 679 F.3d at 80 (internal quotation marks omitted).

Here, the ALJ found that Diaz engaged in union activities and that Petitioner knew about the union activities through its employee Garlasco. Furthermore, the ALJ found that Diaz was terminated for engaging in union activities and that the alternative reasons Petitioner gave, that Diaz was terminated for communications with a rival company and for lunging at Perlson during the coffee incident, were pretextual. The Board noted that, while the ALJ did not explicitly conduct a *Wright Line* analysis, his findings satisfied the standard. We agree. Additionally, the ALJ's findings, based on testimony, are not flatly contradicted by the record. Accordingly, the Board's findings have a reasonable basis in law and are supported by substantial evidence.

Finally, Petitioner claims that the ALJ's denial of its request for adjournment violated due process. Petitioner moved to adjourn until the conclusion of criminal charges filed against Perlson, stemming from the coffee-throwing incident that the ALJ found violated Section 8(a)(1). Petitioner argues that, until the criminal charges have concluded, Perlson could not testify without violating his Fifth Amendment right to avoid self-incrimination. Petitioner argues that this required adjournment. However, we have held that "the granting or denial of a continuance is a matter within the trial examiner's discretion." *NLRB v. Interboro Contractors, Inc.*, 432 F.2d 854, 860 (2d Cir. 1970). In this case, the ALJ adjourned the hearing for more than six months to accommodate Perlson's involvement in the criminal case; the ALJ denied a request for a further adjournment after the criminal case itself was postponed for an additional two months. In proceeding with the unfair labor practice hearing, the ALJ declined to draw a negative inference against Petitioner due to Perlson's failure to testify. Other witnesses testified about the coffee incident on behalf of Petitioner. Accordingly, the ALJ did not abuse his discretion.

We have considered Petitioner's remaining arguments and find them to be without merit. For the reasons stated herein, the petition for review is DENIED and the cross-petition for enforcement is GRANTED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3