**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor LARA, Defendant-Appellant.**

**No. 72–2604.**

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1972.

Ronald W. Sommer (argued), Tucson, Ariz., for defendant-appellant.

Fred Mather, Asst. U. S. Atty. (argued), Sarah Bailey, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.*

HAMLIN, Circuit Judge:

Appellant Lara pleaded guilty in the United States District Court for the District of Arizona on November 30, 1970, to a charge of violating 26 U.S.C. § 4744 (a) i.e., being a transferee of marijuana. He was committed to the custody of the Attorney General for two years, but execution of sentence was suspended and he was placed on probation for a period of five years. The conditions of Lara's probation required Lara to notify the probation officer immediately of any change of residence, to report monthly to him, and to obey all of the probation officer's instructions.

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

On February 18, 1972, the United States Attorney filed a petition for revocation of probation, and after a hearing on June 7, 1972, the District Court revoked appellant's probation and sentenced him to the custody of the Attorney General to serve the two-year sentence.

Lara appeals from the sentence.

At the hearing appellant admitted that he violated the probation conditions by the failure to submit a report to the probation officer from October, 1971, up until the time of his arrest in April, 1972. He also admitted failure to keep the probation officer notified as to his residence.

The breakdown in communication between Lara and his probation officer occurred after Lara requested and received permission to go to San Francisco from Los Angeles (where he had been living) with the intention of living with his aunt in the former city.

Upon arriving in San Francisco, Lara learned that his aunt had personal problems which precluded his living with her. He notified his San Francisco probation officer, who suggested that in view of the tight job market in San Francisco he return to Los Angeles. In a telephone conversation, Lara's Los Angeles probation officer also told him to return.

At the time, however, Lara was courting a lady living in San Francisco, and he ignored the direction to return to Los Angeles. He remained in San Francisco, secured a job and married the woman, a divorcee with three children. He apparently was a well-behaved citizen after the marriage, helping support the family with his paychecks.

Appellant, however, failed to make the required reports to the probation officer, and he was finally arrested in San Francisco on April 28, 1972.

At the conclusion of the hearing, the District Court found that Lara had violated the conditions of his probation "[b]y failing to keep the probation officer who had supervision in his case advised of his place of residence and by failing to make the required monthly reports required of him."

The sole issue on appeal is whether the District Court abused its discretion in vacating and setting aside its original grant of probation and committing appellant to the custody of the Attorney General. We affirm.

The District Court has broad discretion in granting or revoking probation. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Longknife v. United States, 381 F.2d 17 (9th Cir. 1967).

We are unable to conclude that the District Judge abused his broad discretion in revoking probation.

Appellant's counsel does not take issue with any of the above cases, but suggests that under the American Bar Association's Standards Relating to Probation,[1] appellant should receive favorable

---

1. Approved Draft, 1970.

PART V. REVOCATION OF PROBATION AND OTHER SANCTIONS

5.1 Grounds for and alternatives to probation revocation.

(a) Violation of a condition is both a necessary and a sufficient ground for the revocation of probation. Revocation followed by imprisonment should not be the disposition, however, unless the court finds on the basis of the original offense and the intervening conduct of the offender that:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or

(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

(b) It would be appropriate for standards to be formulated as a guide to probation departments and courts in processing the violation of conditions. In any event, the following intermediate steps should be considered in every case as possible alternatives to revocation:

(i) a review of the conditions, followed by changes where necessary or desirable;

(ii) a formal or informal conference with the probationer to re-emphasize

consideration. We commend those standards to the attention of the District Judge. Their applicability in the instant case is a matter for him to determine.[2]

Judgment affirmed.

the necessity of compliance with the conditions;

(iii) a formal or informal warning that further violations could result in revocation.

2. Inasmuch as Lara has already commenced the service of his sentence, proba-

tion now may be inappropriate, *see* Affronti v. United States, 350 U.S. 79; 76 S.Ct. 171, 100 L.Ed. 62 (1955); United States v. Ellenbogen, 390 F.2d 537, 541 (2nd Cir. 1968), and appellant may be required to seek relief under a Rule 35 (Fed.Rules Crim.Pro.) motion.