**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clyde Jules RILLIET,**
**Defendant-Appellant.**

No. 78-3076.

United States Court of Appeals,
Ninth Circuit.

April 13, 1979.

Rehearing Denied May 16, 1979.

---

Douglas G. Lohse, Lohse & Lohse, Reno, Nev., for defendant-appellant.

Samuel Coon, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before WALLACE and SNEED, Circuit Judges, and BLUMENFELD,* District Judge.

PER CURIAM.

Rilliet appeals from the order revoking his probation. He asserts that the district court erred because it was unforeseeable that his possession of a handgun was a violation of the terms of his probation and because there was insufficient evidence that he possessed cocaine. He also contends that it was error for the court to proceed with his revocation proceeding while state charges were pending pertaining to the same subject matter. None of these contentions requires reversal.

In April 1978, Rilliet was convicted of possession of cocaine with intent to distribute pursuant to 21 U.S.C. § 841(a)(1). He was given a suspended sentence and was placed on probation for five years. In July 1978, Probation Officer Lawhead went to Rilliet's jewelry shop and saw there a pistol hanging on a nail. When Lawhead inquired about the gun, Rilliet attempted to unload it and then told Lawhead that he was performing some engraving work on its handle for a customer named Lattner. Lawhead took the loaded gun and contacted Lattner, who denied owning it.

Lawhead thereafter informed local police that Rilliet had been in possession of a firearm, and in July 1978 the police arrested Rilliet for violation of § 202.360 of the Nevada Revised Statutes (ex-felon in possession of a concealable firearm). At the time of his arrest, Rilliet was given a pat-down search, handcuffed, and placed in a squad car. Officer Flocchini searched the car before Rilliet entered it and after he left. During the second search, he found a vial of cocaine on the seat. Thereafter, Rilliet was also charged with violations of N.R.S. § 202.360 and § 453.336 (possession of cocaine).

These two violations of state law provided the basis for the hearing which resulted in revocation of Rilliet's probation. Rilliet's motion to postpone the hearing until the trial of his state charges was denied. At

* The Honorable M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, sitting by designation.

the probation revocation hearing, White testified that Rilliet had transferred ownership of the gun to him in April 1978 and had told him that he could have the gun as a gift when Rilliet finished the engraving work on its handle. Rilliet testified that he was aware that a felon could not possess or carry a firearm, but that he did not think he was violating his probation by transferring ownership of the gun to White and retaining it to do inlay work. He also denied possession of cocaine. The court found that Rilliet had violated the terms of his probation by possessing both the gun and the cocaine.

## I.

■ Rilliet first contends that the court abused its discretion by revoking his probation because it was unforeseeable that his possession of the gun was a violation of the terms of his probation and because the evidence connecting him with the vial of cocaine found in the squad car was insufficient. Neither contention is persuasive.

Rilliet acknowledged that he knew it was unlawful for him to be in possession of a gun. Evidence that the gun was fully loaded was inconsistent with Rilliet's story that he retained the gun merely to perform inlay work. Rilliet's attempt to empty the gun and his lie regarding its ownership were evidence that Rilliet knew his possession of the weapon was improper.

Rilliet's possession of the cocaine provided an independent ground for revoking his probation. Officer Flocchini's testimony concerning his discovery of the cocaine was sufficient to establish Rilliet's possession despite Rilliet's self-serving declaration to the contrary.

As there was substantial evidence presented that Rilliet had violated state or federal laws, see *United States v. Marron*, 564 F.2d 867 (9th Cir. 1977), the district court properly acted within its wide discretion in revoking his probation. *See United States v. Lara*, 472 F.2d 128 (9th Cir. 1972).

■ Included under the umbrella of his argument on insufficiency, Rilliet contends

that the case must be reversed because the district court did not make written findings, citing *United States v. Bonanno*, 452 F. Supp. 743 (N.D.Cal.1978). We disagree. It is clear to us why the district judge revoked probation. He orally stated his reasons on the record. We need no more to review this case.

## II.

Rilliet also contends that his Fifth Amendment rights were violated by holding the federal revocation proceeding before his trial on the state charges. He asserts that he was forced into an impermissible election to remain silent at the revocation hearing to prevent any statements there from being used against him in the state proceeding or to testify at the revocation hearing with the risk that his statements could later be used against him in the state trial.

■ This contention was squarely rejected in *Ryan v. Montana*, 580 F.2d 988 (9th Cir. 1978), where we held that this election does not constitute deprivation of any constitutional right. *See also Kartman v. Parratt*, 535 F.2d 450, 458 & n.7 (8th Cir. 1976); *United States v. Markovich*, 348 F.2d 238, 240 (2d Cir. 1965). Although *Ryan* involved the timing of a state revocation proceeding and a state criminal proceeding and this case involves the timing of a federal revocation proceeding and a state criminal proceeding, that distinction does not require a different result. Both in this case and in *Ryan*, no facts indicated that "refusal to waive the Fifth Amendment privilege [led] automatically and without more to imposition of sanctions." *Id.* at 991, *quoting from Lefkowitz v. Cunningham*, 431 U.S. 801, 808 n.5, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977).

AFFIRMED.