32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Eddy LEE, Defendant-Appellant.
 No. 93-10456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1994.
Decided July 26, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Eddy Lee's probation was revoked after the district court determined that he had violated a number of his probation terms. The district court found that Lee had violated a term that directed that he "not consume or possess any alcoholic beverages" and a separate term that he "refrain from excessive use of alcohol." He also violated a term that required him to report to the probation office as directed, and he failed to notify the probation officer upon being "questioned by a law enforcement officer." Finally, he violated a term that prohibited him from committing any state crime. The district court then reinstated Lee's probation, but with an added term that he was "to be at home, at his place of residence, pending further order of the Court, when he is not at work." Lee appealed both the revocation and the new probation term. We affirm.
 
 
 3
 A. Probation Violations.
 
 
 4
 Lee committed a number of violations of his probation terms, all of which were connected to his alcoholism. There can be little doubt that, even apart from the criminal conduct violations, his alcohol problems were exceedingly serious and resulted in direct violation of the terms of probation.
 
 
 5
 Lee's alcohol abuse had previously led him into sexual abuse of a minor, which in turn had led to a prison term on one count and to probation on another count. Not surprisingly, then, he was prohibited from using alcohol, and was required to report any contacts with the police to the probation officer and to report to the probation officer when he was directed to do so. The record in this case demonstrates that Lee was using and abusing alcohol. He admitted as much to his probation officer and suggested that the abuse was caused by marital problems. Not only did the probation officer testify as to that, but a letter from Lee's alcoholism counselor, whom he contacted for diagnosis, treatment and a recommendation to a program, indicated that he told her that he had relapsed and had been drinking for about two months. He complains about the admission of the latter evidence, but it was admissible as a statement made for medical diagnosis purposes. See Fed.R.Evid. 803(4). In addition, the court did not clearly err when it determined that Lee failed to report to the probation officer as he was required to do. That, too, was the subject of direct testimony.
 
 
 6
 The alcohol violation alone was exceedingly serious and justified revocation of Lee's probation. Cf. United States v. Lara, 472 F.2d 128, 129 (9th Cir.1972) (failure to report justified violation of probation and commitment to two years in custody). Given the history of Lee's case, the court was very concerned about his use of alcohol, partly because it considered him to be a threat to his family and children when he drank. As the court emphasized, that is what brought him into the federal system in the first place.
 
 
 7
 Given the seriousness of Lee's violations of his alcohol term, the district court was well justified in revoking his probation, even if his state criminal violations were not properly considered. Were the alcohol violation less serious in the context of this case, we might well have to rule that an improper determination of the facts underlying the serious state charges requires vacating Lee's probation revocation and sentence and returning this case to the district court for further consideration. As it is, we have no doubt that the district court would have revoked probation based upon the alcohol violation alone. See United States v. Laughlin, 933 F.2d 786, 790 (9th Cir.1991) (we need not consider whether one ground of revocation was valid where there was an independent and serious ground for revoking); cf. Higdon v. United States, 627 F.2d 893, 900-01 (9th Cir.1980) (where one violation condition was impermissible and the other violation condition was related to it, the case should be returned for reconsideration by the sentencing judge).
 
 
 8
 Therefore, we need not and do not dispose of Lee's multifaceted attack on the revocation proceedings because that attack must expend virtually all of its force on the state offense element. That does not mean that we are entirely unmoved by Lee's plaint that probation revocation proceedings based on the assaults themselves should have been stayed while he was facing state prosecution for those assaults. We recognize that the Constitution does not compel a stay. See United States v. Rilliet, 595 F.2d 1138, 1140 (9th Cir.1979) (per curiam); Ryan v. Montana, 580 F.2d 988, 992 (9th Cir.1978), cert. denied, 440 U.S. 977, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). Still and all, there was little need to pursue the assault ground and thus put Lee to an unnecessarily difficult choice. See Ryan, 580 F.2d at 993-94; People v. Coleman, 13 Cal.3d 867, 889, 120 Cal.Rptr. 384, 402, 533 P.2d 1024, 1042 (1975). Moreover, the district court might well have given more consideration to the possibility of a stay. Again, however, we do not decide the stay issue at this time.
 
 
 9
 We also do not mean to say that we are satisfied with a procedure which denied Lee's right to confront the police officers who issued reports against him, especially when there was no finding that there was good cause for not affording him that confrontation right. See Fed.R.Crim.P. 32.1(a)(2)(D); Gagnon v. Scarpelli, 411 U.S. 778, 786-87, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)); United States v. Martin, 984 F.2d 308, 310 (9th Cir.1993); United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987).
 
 
 10
 While we see considerably less merit in Lee's argument that his right to counsel was violated when his probation officer spoke with him about his assault upon his wife, we need not and do not resolve that issue, just as we do not resolve the other issues relating to the state charges.[1]
 
 
 11
 In fine, we perceive problems in the portion of the proceedings that related to the state criminal charges, but the other powerful grounds for revocation obviate the need to address those problems. Any misgivings we might otherwise have are palliated by the ultimate result of the proceedings. Rather than locking Lee up as a dangerous individual who assaults family and police, the district court placed him back on probation. That suggests that the court was placing the weight of its decision upon the alcoholism itself. Especially is that true when we see that the court allowed him to stay at home and even insisted that he do so. That brings us to Lee's complaint about the terms of his probation.
 
 
 12
 B. The Stay At Home Term.
 
 
 13
 The district court required that Lee be at home when he was not at work. It declared that it was just imposing a typical term of probation rather than home detention. However, for purposes of this disposition we will assume, without deciding, that what was imposed upon Lee was a form of home detention.
 
 
 14
 Lee claims that home detention must be limited to six months because the former version of 18 U.S.C. Sec. 3651 provided that the court, in placing a person on probation, "may ... provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months...." 18 U.S.C. Sec. 3651, repealed by Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Title II, Sec. 212, 98 Stat.1987 (1984). A current statute provides that home detention may be imposed as a condition of probation "only as an alternative to incarceration." 18 U.S.C. Sec. 3563(b)(20). Lee contends that because home detention is an alternative to incarceration, it is subject to the six-month cap in former 18 U.S.C. Sec. 3651. That section, which authorized a split sentence of up to six months incarceration and probation, applied to offenses committed prior to November 1, 1987 and is therefore applicable to Lee. Lee assumes that the home detention provision applies to this case as well. It does not because Sec. 3563(b)(20) was not added as a condition of probation until 1988. Anti-Drug Abuse Act of 1988, Pub.L. No. 100-690, Sec. 7305(a)(3), 102 Stat. 4181, 4465-66 (1988).
 
 
 15
 Under the pre-Guideline sentencing scheme, which applies here, if a court suspended the imposition of sentence and imposed probation, then upon revocation of probation the court could impose any sentence it could have imposed at the time it initially sentenced the defendant. See United States v. Won Cho, 730 F.2d 1260, 1265 (9th Cir.1984) (en banc). When the district court originally sentenced Lee in 1987, the limitation in Sec. 3563(b)(2)) did not exist. The district court's discretion to fashion a condition of probation was circumscribed only by the requirement that the condition be reasonably related to rehabilitation of the offender and protection of the public. See Higdon, 627 F.2d at 897. Of course, Lee is not entitled to the benefit of a later enactment which narrowed the time during which home detention could continue. See 1 U.S.C. Sec. 109; United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987); United States v. Breier, 813 F.2d 212, 214-15 (9th Cir.1987), cert. denied, 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988). Thus, only reasonableness limited the court when it sentenced Lee after it revoked his probation.
 
 
 16
 Lee does not argue that the condition was unreasonable; his argument is that the district court lacked the power to impose it. In that he errs. Therefore, the district court did not err in imposing unlimited home detention as a condition of probation, subject to further order of the court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We recognize that we have considered Lee's statements to his probation officer about his ongoing alcohol abuse. But Lee had no constitutional right not to speak to his probation officer on that subject, even if he did have a right to avoid speaking about the assaults themselves. One is not inextricably intertwined with the other. Cf. McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158 (1991); United States v. Martinez, 972 F.2d 1100, 1103-04 (9th Cir.1992)