**Carl D. WEHLING and Geraldine D. Wehling, Plaintiffs-Appellants,**

v.

**COLUMBIA BROADCASTING SYSTEM, Defendant-Appellee.**

No. 77–2840.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1980.

Joel W. Westbrook, Bruce L. Goldston, San Antonio, Tex., for plaintiffs-appellants.

Thomas R. Phillips, Houston, Tex., for defendant-appellee.

## ON PETITION FOR REHEARING

(5 Cir., 1979, 608 F.2d 1084)

Before MORGAN, RONEY and GARZA, Circuit Judges.

### PER CURIAM:

On petition for rehearing, CBS points out that our opinion could be interpreted as ordering a stay of all discovery rather than merely staying discovery in those areas where plaintiff has invoked his Fifth Amendment right to silence. When Wehl-ing brought this appeal he sought to stay only that discovery which exposed him to a risk of self-incrimination. A more expansive stay is neither needed nor requested in this case, and we disavow any intent to restrict discovery of information "not privileged" under Fed.R.Civ.P. 26(b).

CBS also asserts that the opinion deprives it of the option of proceeding to trial without the benefit of the requested discovery. This argument is unfounded. Nothing in our opinion precludes CBS from abandoning its questions to Wehling and proceeding to an early trial without full discovery. Although Wehling could continue to assert his Fifth Amendment rights at trial, it is clear that his invocation of the privilege would be subject to the drawing of an adverse inference by the trier of fact. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

Finally, CBS argues that requiring the trial court to stay discovery until the limitations period has run presupposes that Wehling will not be indicted and leaves the court with no guidance on how to proceed if he is. It is true that we did not specify what action the district court should take if an indictment against Wehling is returned. However, we did outline the proper analysis to be utilized in resolving such questions, and we remain convinced that the trial court can adequately deal with this problem when and if it arises. Furthermore, we believe that it would be premature to attempt to formulate an answer without (1) knowledge of the precise nature of the criminal charges, (2) a familiarity with the trial court's criminal docket and the usual timetable for trying such cases, and (3) some projection as to when the criminal proceedings would likely terminate. Only when these facts are ascertained can the trial judge determine whether the stay should be extended pending resolution of the criminal case.*

---

\* Our opinion must not be read as requiring that the discovery stay be extended until the termination of all criminal proceedings, regardless of their duration. Although we have refused to presume that a three-year stay would necessarily prejudice CBS' efforts to defend against Wehling's claim, we are aware that a point may be reached where the likelihood of preju-

The other points raised by CBS lack merit. Consequently, the petition for rehearing is DENIED.

dice is so great that the trial court would be justified in requiring plaintiff to either submit to discovery or forego his lawsuit. The precise coordinates of this point cannot be determined until additional information becomes available.