Teresa G. HOOVER, Plaintiff-Appellee,

v.

Dewey W. KNIGHT, Jr., individually, and as interim county manager of Dade County, Florida, et al., Defendants-Appellants.

No. 80–5038.

United States Court of Appeals,
Fifth Circuit.*
Unit B

June 14, 1982.

Murray A. Greenberg, First Asst. County Atty., Melinda S. Thornton, Asst. County Atty., Miami, Fla., for defendants-appellants.

Bruce S. Rogow, A.C.L.U., Allen Hyman, Fort Lauderdale, Fla., for plaintiff-appellee.

Before JONES, TJOFLAT and ANDERSON, Circuit Judges.

JONES, Circuit Judge:

This action was brought under 42 U.S.C. § 1983 by Teresa G. Hoover, a former police officer of the Dade County, Florida, Public Safety Department. The case was submitted to the district court on stipulated facts. The appellee was employed by the Dade County Public Safety Department as a police officer. On April 15, 1975, she was served with a notice that she was being dismissed as of the close of business on that day. The dismissal was based upon the following asserted violations of the Personnel Rules of Metropolitan Dade County, Florida;

(a) That she had been guilty of conduct unbecoming an employee of the county, whether on or off duty;

(b) That she had violated the provisions of departmental rules; and

(c) That she had violated the Public Safety Department rule which requires that during the course of any investigation within the department, the employee is required to give full, complete, and truthful statements.

Four separate charges were made:

(1) An illicit sexual involvement with a 15 year old female;

(2) Use of a narcotic drug with two juveniles;

(3) A conversation wherein the appellee stated to a private citizen that she would entrap him by placing narcotic drugs on his person and then arrest him for possession of those drugs, and

(4) Giving untruthful answers concerning the foregoing.

An administrative appeal was taken by the appellee as authorized by The Code of Metropolitan Dade County and a hearing was held at which the appellee was represented by counsel. At the hearing, appellee's counsel requested a continuance on the ground that criminal charges were pending in the state circuit court which were based upon the same events which gave rise to her dismissal from the county police force. Counsel for the appellee argued that proceeding with the administrative hearing would substantially violate appellee's fifth amendment privilege in that any testimony she might offer at the hearing could subsequently be used against her in the criminal prosecution. The hearing examiner denied the request, and proceeded with the hearing.

Pursuant to the Code of Metropolitan Dade County the hearing examiner submitted his report to the county manager. The report stated, in part:

Conclusions and Recommendations:

In light of the foregoing findings of fact, this hearing examiner has determined that Officer Teresa G. Hoover has violated Chapter VIII, Section 7, Paragraph 1, of the Personnel Rules of Metropolitan Dade County, Florida in that she did engage in conduct unbecoming an employee of the county whether on or off duty. It is also the finding of the undersigned that Officer Hoover violated

Chapter IV, Section B, Paragraph 7, of the Public Safety Department Rules and Regulations, in that she gave untruthful answers concerning her knowledge and use of a narcotic drug with two juveniles in her residence.

Individuals charged with the responsibility for enforcing the law must exhibit exemplary personal conduct and be beyond suspicion or reproach. Officer Hoover has failed to meet this standard and has demonstrated conduct unbecoming an employee of Dade County.

It is the recommendation of the undersigned examiner that Officer Teresa Hoover be suspended without pay for a period of ninety days. This examiner is of the opinion that the initial sanction imposed by the Department of Public Safety is too severe in light of all the circumstances heretofore discussed.

The county manager reviewed the findings and recommendations of the hearing examiner and, based on those findings and on the record of the appeal hearing, by letter dated November 20, 1975, confirmed the dismissal of the appellee from the county's employ. The appellee did not seek to have this decision of the county manager reviewed in state court by certiorari, as submitted by the Code of Metropolitan Dade County, Florida. During the week of March 22, 1976, the criminal trial of the appellee was held. At the conclusion of the criminal trial, a jury verdict was returned finding the appellee not guilty on all charges.

By letter dated August 12, 1976, counsel for the appellee requested Dewey W. Knight, Jr., the interim county manager, to reinstate her. The basis of this request was the plaintiff's acquittal in the criminal trial. The interim county manager refused reinstatement, basing the refusal upon his belief that the appellee had received a fair and thorough personnel hearing.

The appellee filed a complaint in which it was alleged that the failure of the hearing examiner to postpone her administrative hearing amounted to an unconstitutional burden upon her right to be free from com-pelled self-incrimination. The district court agreed, and entered summary judgment for the appellee, holding that the failure of the hearing examiner to postpone the administrative hearing "smacked of an invalid attempt to penalize the exercise of the fifth amendment privilege." This ruling was made notwithstanding the fact that the appellee had, in fact, asserted her fifth amendment privilege and refrained from testifying. The defendants were ordered to reinstate the appellee or retry the charges in a new administrative hearing. The defendants have appealed from this decision.

Before this Court for determination is the question of whether the appellee's fifth amendment privilege against compelled self-incrimination was unconstitutionally impaired by the refusal of the hearing examiner to postpone the administrative hearing pending the outcome of a related criminal prosecution.

It has been decided that a state may not impose substantial penalties upon a witness who elects to exercise a fifth amendment privilege against compelled self-incrimination. In *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), police officers under investigation were told that if they declined to answer potentially incriminating questions, they would be removed from office, but that any answers which they did give could be used against them in a criminal prosecution. It was held that statements given under such circumstances were involuntary and could not be used to convict the officers. The court has also held that a state may not discharge an employee for the sole reason of his refusal to waive his fifth amendment rights. *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); *Uniformed Sanitation Men v. Sanitation Commissioner*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968). See also *Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977). Furthermore, a state cannot require, as a precondition to obtaining a public contract, the waiver of fifth amendment rights. *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). A common thread running through these cases is that "a re-

fusal to waive the fifth amendment privilege, standing alone and without regard to other evidence, resulted in loss of employment or opportunity to contract with the state." *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). The direct imposition of sanctions against one who asserts the fifth amendment privilege has consistently been held by the Supreme Court to be in violation of the constitution.

As in the instant case, these fifth amendment issues frequently arise when parallel criminal, civil or administrative proceedings are pending. In *Luman v. Tanzler*, 411 F.2d 164 (5th Cir. 1969), cert. den., 396 U.S. 929, 90 S.Ct. 264, 24 L.Ed.2d 227 (1969), a police officer was suspended from the Jacksonville, Florida, Police Department for conduct prejudicial to the "efficiency, good name and reputation" of the department. Related state criminal charges were thereafter filed against the officer. He sought to have his administrative hearing continued in view of the pending state criminal proceedings. Upon the police department's refusal to postpone the administrative hearing, the officer sought an injunction in federal court. The Fifth Circuit Court of Appeals held that the police department's refusal to postpone the administrative hearing did not infringe any of the officer's constitutional rights. It was said that "At the administrative hearing [the officer] will have a free choice to admit, deny, or refuse to answer. This is full vindication of the fifth amendment privilege against self-incrimination." *Luman v. Tanzler*, 411 F.2d at 167.

In *Diebold v. Civil Service Commission of St. Louis County*, 611 F.2d 697 (8th Cir. 1979), a public employee was dismissed from his job following an arrest for a criminal offense. He was required to defend two related cases simultaneously, one criminal and the other administrative. In deciding that the employee's fifth amendment rights were not infringed as a result of the necessity of having to defend in the two parallel proceedings, the Eighth Circuit Court of Appeals stated that " . . . as long as an employee such as Diebold is not faced with the decision to surrender either his job or his constitutional privilege against self-

incrimination, his predicament, no matter how undesirable, does not raise constitutional questions. (citations omitted). . . . There exists no requirement that [the employee] waive his immunity under the fifth amendment. Nor is there a threat that he will be fired simply for invoking the privilege." (citations omitted). 611 F.2d at 700–1. In accord, *Arthurs v. Stern*, 560 F.2d 477 (1st Cir. 1977), cert. den., 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978); *DeVita v. Sills*, 422 F.2d 1172 (3rd Cir. 1970).

Many cases have held that parallel criminal and civil trials or investigations do not raise questions of constitutional magnitude with respect to the privilege against self-incrimination. In *United States v. White*, 589 F.2d 1283 (5th Cir. 1979), a defendant in criminal proceeding contended that being forced to defend in a civil case while criminal charges arising out of the same conduct were pending forced him to choose between preserving his fifth amendment privilege and losing the civil suit. The Court of Appeals stated that "He was not forced to surrender his privilege against self-incrimination in order to prevent a judgment against him; although he may have been denied his most effective defense by remaining silent, there is no indication that invocation of the fifth amendment would have necessarily resulted in an adverse judgment." 589 F.2d at 1286. See also, *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C.Cir.1980) (en banc), cert. den. 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

In *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) parallel civil and criminal suits were brought against various individual and corporate defendants, alleging violations of the Food, Drug & Cosmetic Act. In discussing these parallel civil and criminal proceedings, brought by the same agency, the Supreme Court stated that, "It would stultify enforcement of federal law to require a governmental agency such as the F.D.A. invariably to choose either to forego recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial.

"We do not deal here with a case where the government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution; nor with a case where the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; . . ." (citations omitted). 397 U.S. at 11–12, 90 S.Ct. at 769–770.

In light of these precedents, we turn to the facts of this case. The appellee was faced with difficult choices to make regarding the manner of litigating her cases. However, she was not forced to waive her fifth amendment privilege or face an immediate job termination. Cf. *Gardner v. Broderick*, supra; *Uniformed Sanitation Men v. Sanitation Commissioner*, supra. She always had the right to assert her constitutional privilege, and did so. It does not appear that the state was unlawfully attempting to gather evidence for its pending criminal prosecution. The appellee was aware that criminal charges were pending against her. She was represented by counsel at all stages of the administrative hearing.

The trial court noted that it cannot be ascertained from the record or the hearing examiner's opinion whether an adverse inference was drawn from the appellee's silence.[1] However, there is no indication that undue weight was given to her silence. The record indicates that there was direct evidence, some discredited by the hearing examiner, which tended to confirm the appellee's involvement in the alleged misbehavior. As in *Baxter v. Palmigiano*, supra, the appellee's silence was only one of a number of factors to be considered by the finder of fact.

Finally, it should be noted that the police department had a strong interest in the prompt resolution of the charges against the appellee. Even though she was on suspension and the hearing examiner's discretion might better have been used in granting a continuance, a balancing of the police department's interest in the prompt resolution of the case against the appellee's interest in litigating her cause without risk to her position leads us to conclude that this controversy does not rise to the level of an impermissible burden on the exercise of her constitutional rights.[2]

We conclude that the district court should not have entered summary judgment for the appellee, and reverse and remand for the entry of judgment in favor of the appellants.

REVERSED and REMANDED.

---

1. We note that the hearing examiner would not be constitutionally forbidden from drawing adverse inferences from an invocation of the privilege against self-incrimination. *Baxter v. Palmigiano*, supra; *Wehling v. Columbia Broadcasting System*, 611 F.2d 1026 (5th Cir. 1980).

2. The Code of Metropolitan Dade County contemplates that some administrative hearings should be continued pending the outcome of related criminal proceedings. Section 2–47 of the code provides, in part: "All hearings pursuant to this section shall be commenced within sixty (60) days from the time the notice of appeal is received by the personnel director unless the employee requests additional time to prepare his appeal or requests that the hearing be continued pending the outcome of a related criminal proceeding, or requests additional time for other good reason."