**In the Matter of the Dismissal of Tenured Teacher, Lewis L. ROSENBERG, Petitioner,**

v.

**The BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, DENVER PUBLIC SCHOOLS, Respondent.**

No. 81CA0069.

Colorado Court of Appeals,
Div. III.

July 7, 1983.

Rehearing Denied Aug. 4, 1983.

Certiorari Granted Jan. 30, 1984.

Law Offices of Larry F. Hobbs, Larry F. Hobbs, Denver, for petitioner.

Good & Stettner, P.C., Martin Semple, Denver, for respondent.

KELLY, Judge.

Petitioner, tenured teacher Lewis L. Rosenberg, was dismissed by respondent, The Board of Education of School District No. 1, Denver Public Schools, following a hearing conducted under the Teacher Employment, Dismissal, and Tenure Act, § 22–63–101, et seq., C.R.S.1973 (1982 Cum. Supp.). In his petition for review of that dismissal, Rosenberg argues that the hearing officer's denial of his request to take depositions of a student and a number of other witnesses was improper, that the denial of his request for a continuance during the pendency of a criminal action arising from the same incidents was improper, and that the admission into the record of certain exhibits was improper and prejudicial. We affirm.

Rosenberg was a teacher assigned to duties in the Program for Pupil Assistance (PPA) which is a program for students with behavioral problems. One student was a twelve-year old male, enrolled in Rosenberg's PPA class as a sixth grader with a history of chronic emotional problems. He had been in special classes for emotionally disturbed children in two other school districts, having been physically and sexually abused by his father several years before. Specific problems included stealing, lying, disruptive and odd behavior, truancy, and precocious sexual interest. Rosenberg was familiar with these records and with the background and emotional problems of the student.

The hearing officer found that on May 23, 1980, Rosenberg allowed this student to caress his face while Rosenberg engaged in a rocking motion and to embrace and kiss Rosenberg on the lips and face. Rosenberg then hugged and kissed the student whose face was flushed. Prior to kissing Rosenberg, the student emitted a groan or loud sigh. On May 28, 1980, Rosenberg and the student left the school's Field Day activities, entered the school building, went to the PPA classroom and locked the door. The student sat on Rosenberg's lap for approximately thirty minutes during which time numerous short kisses were exchanged as the two engaged in a slight rocking motion. The student emitted a moaning noise at one point. The physical contact ceased when the principal's assistant unlocked the door and entered the room.

Charges were filed against Rosenberg on June 13, 1980, alleging "immorality and other good and just cause" for dismissal arising out of these incidents. It was alleged that the conduct had a detrimental effect upon the student and that such conduct constituted an abuse of Rosenberg's position as a teacher, thus constituting grounds for dismissal.

I.

Rosenberg first argues that the denial of his request to depose certain witnesses, including the student in question, constitutes grounds for reversal. He asserts that the hearing officer's decision to deny the motion for pretrial discovery was based on the erroneous assumption that such discovery was prohibited under the teacher tenure statute, as a matter of law. Rosenberg fails, however, to articulate any specific prejudice suffered as a result of the denial of his pretrial discovery motions, nor do we perceive any prejudice. There being no prejudice, there is no reversible

error. *Ricci v. Davis,* 627 P.2d 1111 (Colo. 1981).

## II.

Rosenberg argues that his request for a continuance pending disposition of the criminal case should have been granted so that he could testify at the subsequent dismissal hearing with impunity. He urges that the denial of his request was an abuse of discretion. Again we disagree. Rosenberg suggests that the hearing officer denied the continuance on the erroneous assumption that the statutory and case law prohibited such a continuance, as a matter of law, when in truth such a continuance was within the discretionary power of the hearing officer, and that, had the hearing officer thought the decision was discretionary, she would have granted the continuance. The record fails to establish that the hearing officer felt her decision to be nondiscretionary.

■ The decision whether to grant a continuance is within the discretion of the hearing officer, § 22–63–117(6), C.R.S.1973 (1982 Cum.Supp.), and will not be overturned absent abuse of that discretion. *Goldy v. Henry,* 166 Colo. 401, 443 P.2d 994 (1968); *Academy Boulevard Bank v. Banking Board,* 30 Colo.App. 331, 492 P.2d 76 (1971). In order for a reviewing court to find that an administrative tribunal has abused its discretion, the record must clearly show such abuse. *Board of Adjustment v. Handley,* 105 Colo. 180, 95 P.2d 823 (1939).

■ The record here shows no such abuse. Even where, as here, the teacher has been suspended, thus removing the risk of further student contact, and offers to forego any salary during the continuance, the school system retains an interest in expeditious resolution of such cases. In such matters, the statute, § 22–63–117(5), C.R.S.1973 (1982 Cum.Supp.), requires prompt resolution, and even though these parties have waived the time limits, both have an interest in a prompt resolution.

■ There is no reason why the School Board should be required to wait for months and possibly years while the criminal matter is disposed of through the judicial process. In this case counsel for the teacher anticipated that the criminal action would be disposed of within four to five months, but had the case gone to trial and been appealed, the possibility for an extended delay is considerable. Continuances which might engender such delays need not be granted. *See United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *Arthurs v. Stern,* 560 F.2d 477 (1st Cir.1977); *Goldberg v. Regents of the University of California,* 248 Cal.App.2d 867, 57 Cal.Rptr. 463 (1967); *Lang v. Lee,* 639 S.W.2d 111 (Mo.App.1982).

## III.

■ Rosenberg contends that several exhibits containing statements made by the student, which were not admitted into evidence, but were nevertheless included in the record submitted to the School Board, should have been expunged from the record because of their prejudicial nature. We disagree.

There is nothing in the record to indicate that the School Board improperly considered the unadmitted exhibits. Rosenberg has therefore failed to show that he was prejudiced by inclusion of the exhibits in the record. *Ricci v. Davis, supra.*

The other assignments of error are without merit.

Order affirmed.

PIERCE and VAN CISE, JJ., concur.