**FIDELITY BANKERS LIFE INSURANCE COMPANY, Plaintiff,**

v.

**WEDCO, INC., et al., Defendants.**

**Elizabeth RUFF, et al., Plaintiffs,**

v.

**FIDELITY BANKERS LIFE INSURANCE COMPANY, et al., Defendants.**

**Nos. CV–R–82–386–ECR, CV–R–82–409–ECR.**

United States District Court, D. Nevada.

March 21, 1984.

■

---

John C. Renshaw, Reno, Nev., for plaintiff Fidelity Bankers Life Ins. Co.

Gordon M. Cowan, Reno, Nev., for plaintiff-intervenor Utica Mutual Ins. Co.

Frank H. Roberts, Reno, Nev., for plaintiff-intervenor American Home Assurance Co.

Hale, Lane, Peek, Dennison & Howard, Reno, Nev., for defendant Wedco, Inc.

Paul F. Hamilton, Reno, Nev., for defendant Norman F. Holland.

Ken Bick, Reno, Nev., for defendant Albert F. Larsen and Al Larsen & Assoc.

George K. Folsom, and Nathan M. Jenkins, Reno, Nev., for defendants Brett W. Ruff, Diana Lynn Stone & Elizabeth Ruff.

Roger L. Erickson, and Jack I. McAuliffe, Reno, Nev., for Comstock Insurance Agencies, Inc.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendants Norman F. Holland (Holland) and Albert F. Larsen (Larsen) both have moved that these consolidated actions be stayed or, at least, that protective orders be entered preventing the initiation of any new discovery until the statutes of limitation have expired as to the criminal offenses they may be charged with because of the same transactions that underly this civil litigation. The lengthiest statute of limitation appears to be the five years provided for in 18 U.S.C. § 3282. It will have started to run in the latter half of 1982, sometime between the date of death of Arthur Ruff (June 28, 1982) and the date of the filing of the complaint of plaintiff Fidelity Bankers Life Insurance Company (Fidelity) on December 2, 1982. Thus, the relief here sought conceivably could postpone or stultify further proceedings until late 1987. Larsen also asks for the sealing of all heretofore acquired discovery and a non-disclosure order as to the same.

In the event that the Court refuses to stay all further discovery, Larsen asks that the plaintiffs be prohibited from inquiring into any matter encompassed within his Fifth Amendment privilege against self-in-

crimination, that a non-disclosure order be entered, and that attendance at his deposition be limited to counsel for the parties.

The movants fear that further discovery may cause them inadvertently to waive their privilege. Also, they contend that this constitutionally-based right to refuse to testify or to provide discovery information could result in their inability to defend themselves properly. Large money damages, both compensatory and punitive, are sought from them in this litigation. Also, judgment against them could affect their insurance brokers' or agents' licenses and, thus, exclude them from the practice of their means of livelihood. They contend that forcing them to choose between the exercise of their privilege against self-incrimination and their ability effectively to defend themselves amounts to an unconstitutional burden on the privilege.

The other parties all oppose the motions. They point out that no criminal charges have been brought against Holland or Larsen, so that those defendants are merely speculating as to the need to be apprehensive. In addition to the problems that accompany any stay of litigation, such as inability to locate witnesses when they finally are needed, fading memories and inordinate delay, Fidelity emphasizes that it already has paid $1,849,751.22 to beneficiaries under four of the insurance policies here involved. It seeks reimbursement of that sum, and considers an expeditious resolution of the actions to be imperative. All the parties opposing the motions equate a protective order staying all discovery with a blanket assertion of the Fifth Amendment privilege, which should not be allowed in this case. They also stress that Holland and Larsen were critical actors in all the transactions underlying all the complaints, cross-claims and counterclaims herein. Therefore, the movants' suggestion that the requested stays and protective orders apply only to them, so that litigation and discovery among the other parties might continue without interruption, is viewed as impractical.

The court record supports as reasonable the fears of Holland and Larsen that criminal charges may be brought against them. On the other hand, the record also reflects that they have been the central characters, Mr. Ruff being deceased, in all the happenings and events which form the bases for the lawsuits.

■ The mere possibility of criminal prosecution is all that is necessary for the Fifth Amendment privilege against self-incrimination to be properly invoked. *Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983); *see also London v. Patterson*, 463 F.2d 95, 97 (9th Cir.1979). However, the Constitution does not require that civil proceedings be stayed pending the outcome of criminal proceedings. *Securities & Exchange Com'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.1980); *DeVita v. Sills*, 422 F.2d 1172, 1181 (3rd Cir.1970). Nevertheless, postponement of discovery until termination of the criminal action has been recognized as a possible alternative where, as here, a protective order is sought under Fed.R.Civ.P. 26(c). *See London v. Patterson, supra* at 98. In fact, " ... the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Securities & Exchange Com'n v. Dresser Indus., supra* at 1375-6. Reasons there given include the undermining of the party's privilege against self-incrimination by the need to defend himself in the civil action, the extra discovery (beyond the limits of F.R.Cr.P. 16(b)) obtained by the criminal prosecutor via his access to the civil case discovery, and exposure to the prosecution of the party's bases of defense in advance of the criminal trial.

It must be noted that neither Holland nor Larsen has yet been indicted or otherwise charged criminally. Their own moving papers indicate that the statute of limitations bar might not arise until the end of 1987. Delay of these proceedings until then would be unfair to the other parties, especially Fidelity. A court is justified in act-

ing to prevent such unfairness. *Baker v. Limber*, 647 F.2d 912, n. 6 (9th Cir.1981). Those parties cannot control the timing of any criminal proceedings. *See Kaeppler v. Jas. H. Matthews & Co.*, 200 F.Supp. 229, 231 (E.D.Pa.1961).

 On the other hand, in a civil trial the trier of fact may draw an adverse inference when a party refuses to testify (takes the Fifth) in response to probative evidence offered against him. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976); *Campbell v. Gerrans*, 592 F.2d 1054, 1058 (9th Cir.1979). This certainly places the party at a disadvantage. However, it is difficult to believe that the cases against Holland and Larsen herein may be proved by a preponderance of the evidence solely on the basis of such an inference. Other proofs certainly will be offered; that can be seen from the record already. Therefore, the choice between exercising the privilege and putting forth the most effective defense is not unconstitutionally coercive. *Securities & Exch. Com'n v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y.1978); *Hoover v. Knight*, 678 F.2d 578, 581 (5th Cir.1982).

Both sides, in their memoranda of points and authorities, have argued the case of *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir.1979). There, a plaintiff in a civil libel action invoked the privilege against self-incrimination when the defendant sought discovery. The district court dismissed the action with prejudice as a sanction for failure to make discovery. The Fifth Circuit reversed, holding that dismissal is appropriate only where other less burdensome remedies would be ineffective in preventing unfairness to the discovering party. The opinion states that the trial court should, in such cases, measure the relative weights of the parties' competing interests, with a view to accommodating those interests if possible. The case was "... remanded so that the court may enter a protective order staying further discovery until the applicable statute of limitations has run." 608 F.2d at 1089. A five-year statute of limitations was in-

volved in *Wehling*, with about three years remaining to run at the time the plaintiff asked for a protective order. *Id.* at 1088–9.

The defendant in *Wehling* petitioned for a rehearing, complaining that the Circuit's opinion seemed to stay all discovery, rather than in just those areas where a Fifth Amendment right existed. The Court clarified its meaning, agreeing that the stay should be only as to discovery that exposed the plaintiff to a risk of self-incrimination. *Wehling v. Columbia Broadcasting System*, 611 F.2d 1026, 1027 (5th Cir.1980). On the same page, the Circuit panel continues:

"CBS also asserts that the opinion deprives it of the option of proceeding to trial without the benefit of the requested discovery. This argument is unfounded. Nothing in our opinion precludes CBS from abandoning its questions to Wehling and proceeding to an early trial without full discovery. Although Wehling could continue to assert his Fifth Amendment rights at trial, it is clear that his invocation of the privilege would be subject to the drawing of an adverse inference by the trier of fact."

Fairness, i.e., a balancing of the competing interests, requires that the parties opposing the motions of Holland and Larsen be permitted to proceed with discovery and on to trial, knowing full well that they will be hampered by the continued rightful exercise of the privilege against self-incrimination by those two defendants. The long period remaining before the statute of limitations will expire, and any criminal prosecution be terminated, together with the need by Fidelity for an expeditious resolution of the issues of whether it is entitled to get its money back and from whom, outweigh the impairment of the two defendants' ability to put on as complete a defense as they might but for their apprehension of self-incrimination.

Even the issuance of a protective order prohibiting discovery in areas where a Fifth Amendment right may exist seems inappropriate here. Both Holland and Larsen are represented by competent counsel

who are well aware of their needs to avoid self-incrimination. Those counsel are better equipped than their adversaries to decide, in the first instance, whether inquiry is being made into a sensitive area.

Also, honoring the requests for sealing of records, non-disclosure, and limitation on attendance at a deposition would seem ineffective to accomplish the defendants' purposes. For example, if one or more counsel were to be subpoenaed before a grand jury and asked to testify as to what Larsen or Holland had said during a deposition, such a protective order would seem to have been futile. *See Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149 (E.D.N.Y. 1977).

Significant changes in circumstances, e.g., if Larsen or Holland were to be indicted very soon, could undermine the reasons for the Court's decision here. Therefore, the order below is without prejudice to those defendants' right to renew their motions for protective orders should such changes occur.

IT IS HEREBY ORDERED that the motions of defendants Norman F. Holland and Albert F. Larsen for stays of discovery and litigation for other types of protective orders be, and the same hereby are, DENIED in their entireties.