Lewis ROSENBERG, Petitioner,

v.

The BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, DENVER PUBLIC SCHOOLS, Respondent.

No. 83SC321.

Supreme Court of Colorado,
En Banc.

Dec. 9, 1985.
Rehearing Denied Jan. 13, 1986.

Larry F. Hobbs, William P. Bethke, Vonda G. Hall, Hobbs/Bethke & Associates, Denver, for petitioner.

Martin Semple, Conklin & Adler, Denver, for respondent.

DUBOFSKY, Justice.

We granted certiorari in *Rosenberg v. Board of Education*, 677 P.2d 348 (Colo. App.1983), to consider whether a hearing officer in a tenured teacher dismissal proceeding erred in refusing to allow the teacher to take a deposition of the student with whom the teacher was alleged to have had sexual contact and in denying the teacher a continuance to await the outcome of pending criminal charges. The court of appeals, holding that the teacher suffered no prejudice as a result of the hearing officer's denial of requested depositions [1] and that the hearing officer's refusal to grant a continuance was a proper exercise of discretion, upheld the teacher's dismissal. We affirm the judgment of the court of appeals.

On June 13, 1980, the Superintendent of School District 1 in the City and County of Denver, under the provisions of the Teacher Employment, Dismissal, and Tenure Act, section 22–63–117, 9 C.R.S. (1973 & 1985 Supp.), recommended that the Denver Board of Education (school board) accept for review two charges against Lewis L. Rosenberg, a tenured teacher who was assigned to the Program for Pupil Assistance (P.P.A.), a program for students with behavioral problems. The superintendent requested that Rosenberg be dismissed from his employment with the school district for engaging in improper sexual contact with a twelve-year-old male elementary student and for failing to discharge properly his duties and responsibilities as a teacher.

Rosenberg requested a hearing before a hearing officer as provided in section 22–63–117(3). [2] After the prehearing conference held on August 19, 1980, the hearing officer issued a prehearing order setting the hearing for September 29 and 30, 1980, and requiring the school board to file a list of witnesses to be produced at the hearing, a brief description of the testimony to be elicited from each witness, and a list of exhibits. The hearing officer also required Rosenberg to submit a list of the persons he wished to depose, a brief statement of the subject or subjects to which each deposition would be directed, and a memorandum concerning his right to take depositions. The school board was to submit its

---

1. The teacher initially requested twelve depositions and asserted to the court of appeals that the hearing officer erred in denying some of the depositions, including the student's deposition. Here, the teacher raises as error only the denial of one of the twelve requested depositions.

2. Ch. 202, sec. 3, section 22–63–117(3), 1979 Colo.Sess.Laws 800, 801, provides in part:

    Such teacher shall be entitled to such a hearing if he files with said secretary a written request therefor within seven days after the date of receipt of the notice. Failure of said teacher to file such written request within said time is a waiver of his right to a hearing. The general assembly has inserted additional language in this section regarding the teacher's compensation pending the school board's decision. Section 22–63–117(3), 9 C.R.S. (1985 Supp.).

objections to Rosenberg's request for depositions and a memorandum supporting them.

On August 25, 1980, Rosenberg submitted the required memorandum and a list of twelve persons whom he wished to depose.[3] On September 11, 1980, after receiving the school board's memorandum and Rosenberg's reply, the hearing officer declined to authorize the taking of oral depositions because their transcription was impracticable given the time restraints.[4]

At the hearing on September 29 and 30, 1980, two teachers testified that on the morning of May 23, 1980, they saw Rosenberg in the P.P.A. classroom rocking the student on his lap. A child's moan came from the room, and Rosenberg and the student exchanged several kisses. Two teachers and a school nurse testified that on May 28, 1980, they saw Rosenberg and the student through the glass window in the door to the P.P.A. classroom, a narrow room that formerly served as a kitchen, silhouetted through a fairly sheer curtain covering a stage opening in a puppet house. The teachers testified that for approximately thirty minutes Rosenberg was rocking the student, the student caressed Rosenberg's face, there was repeated kissing on the lips, and the child moaned. When the principal's assistant unlocked the door and entered the room, the student and the teacher jumped up, and Rosenberg picked up his tie from the floor and put it on. A psychiatric consultant testified that such events would have a detrimental effect on the victim, who was an emotionally disturbed child who had a prior history of either being sexually abused or witnessing overt sexual activity.[5] After presenting several witnesses who testified to Rosenberg's compassionate qualities as a teacher and the appropriateness of physical contact with students in improving their self-esteem, Rosenberg's counsel stated that Rosenberg would be his final witness. However, because a criminal action was pending against Rosenberg as a result of statements made by the student, Rosenberg's counsel had advised his client not to testify until after the criminal matter was disposed of on January 5, 1981. Counsel therefore requested a continuance until after that date. Because Rosenberg's counsel could not cite any case law to support his request, the hearing officer denied the motion for a continuance.[6] Criminal charges against Rosenberg were dismissed on February 23, 1981, apparently because

3. Rosenberg requested that he be allowed to depose the victim, the victim's mother, the victim's sister, the school principal, the assistant principal, two teachers, the school nurse, two psychiatrists who had examined the victim, a physician who had examined the victim on May 28, 1980, the day of the second incident, and a social worker assigned to the case.

4. After noting that the teacher had asserted that section 24-4-105(4), 9 C.R.S. (1982) authorized the taking of depositions, the hearing officer ruled:

The hearing officer must note that the deposition procedure set forth in C.R.C.P. 30 is in fact highly impracticable in the context of a hearing conducted pursuant to the Teacher Employment, Dismissal, and Tenure Act (citation omitted).... The hearing officer cannot compel the waiver of [the] time limits in order to accommodate the transcription of the deposition and its submission to the witness for signature pursuant to C.R.C.P. 30. The hearing officer must therefore decline to authorize the taking of the oral depositions in this case.

5. The school board's psychiatrist testified that the student had a history of behavioral problems including stealing, lying, disruptive behavior, and precocious sexual interest. The teacher was aware of the student's history. The student was enrolled in the P.P.A. program in November, 1979, but by May, 1980, when the incidents in question arose, the student was no longer assigned to the P.P.A. class.

6. The hearing officer questioned Rosenberg's counsel about why no motion for a continuance was made earlier. When the hearing officer learned that counsel had not made the motion earlier because he thought that the statute required a hearing within a specific time and was unaware that the time limit had been waived, the hearing officer ruled:

[A]s I understand the law, however, it is against you.... [I]f there is authority to the contrary you have had ample time to look it up before the middle of the hearing today. Under the circumstances I must deny your motion.

the student was deemed incompetent to testify.

The hearing officer found that Rosenberg had engaged in physical contact with the student that was "carnal in nature and motivation" and "was not designed to further the personal or academic interests" of the student and recommended that Rosenberg be dismissed for immoral conduct. After reviewing the hearing officer's findings of fact and recommendation, the school board dismissed Rosenberg on November 25, 1980.

Rosenberg petitioned for review, arguing that the denial of his request to take depositions of some of the witnesses, including the student, and the denial of his request for a continuance were improper. The court of appeals affirmed Rosenberg's dismissal, holding that Rosenberg suffered no prejudice from the hearing officer's refusal to allow the depositions and that, because of the school system's interest in an expeditious resolution of this case, the hearing officer did not abuse her discretion by refusing to grant a continuance. Rosenberg now alleges that the hearing officer's refusal to allow the student's deposition and refusal to grant a continuance cumulatively constituted an abuse of discretion. We disagree.

## I.

Rosenberg contends that Ch. 202, sec. 3, section 22–63–117(6), 1979 Colo. Sess. Laws 800, 802,[7] and section 24–4–105(4), 10 C.R.S. (1982), permit the taking of depositions in teacher dismissal proceedings. Section 22–63–117(6) provides in part: "The hearing officer may receive or reject evidence and testimony, administer oaths, and, if necessary, subpoena witnesses.... The hearing officer may ... do all other acts

normally performed by an administrative hearing officer." In addition to providing the hearing officer with enumerated powers, section 24–4–105(4) permits the hearing officer to "take any other action authorized by agency rule consistent with this article or in accordance, to the extent practicable, with the procedure in district courts." C.R.C.P. 26 through 37 authorize comprehensive pretrial discovery, including depositions, "to facilitate the simplification of issues and avoid surprises at trial." *Ricci v. Davis*, 627 P.2d 1111, 1122 (Colo.1981).

Commentators support the use of discovery in administrative proceedings, including the limited use of depositions, although granting or denying the use of depositions is within the discretion of the hearing officer. *See* 3 K. Davis, *Administrative Law Treatise* § 14.8, at 35–38 (2d ed. 1980); 1 C. Koch, *Administrative Law and Practice* §§ 5.42, 5.44, at 389, 391 (1985); Tomlinson, *Discovery in Agency Adjudication*, 1971 Duke L.J. 89, 103–09, 143–44;[8] *see also Shively v. Stewart*, 65 Cal.2d 475, 421 P.2d 65, 55 Cal.Rptr. 217 (1966). After Rosenberg's hearing, this court held in *Ricci*, 627 P.2d at 1122, that depositions are permitted in administrative hearings but that the decision to allow depositions is within the discretion of the hearing officer.

■ Because it was within the discretion of the hearing officer to allow discovery and because Rosenberg does not allege a deprivation of due process, our review is limited to whether the hearing officer's refusal to allow depositions was an abuse of discretion. A hearing officer's decision will not be reversed as an abuse of discretion unless, given the totality of the factual circumstances at the time of the decision, the hearing officer's decision ex-

---

7. Section 22–63–117(6) was amended by section 22–63–117(6), 9 C.R.S. (1985 Supp.). The amendment is irrelevant to the issue before us.

8. Tomlinson recommends the limited use of depositions in order to prevent surprise based on the following conditions:
(1) usually only after prehearing conference;
(2) only through the presiding officer; (3) notice and opportunity to object to other par-

ties; (4) presiding officer should not permit deposition to cause delay; (5) presiding officer should assure that good cause does not exist for not using depositions; and (6) no deposition of agency employees unless it is "seeking significant unprivileged information not discoverable by alternative means."
1 C. Koch, *supra* p. 6, at 391, citing Tomlinson, *supra* p. 6, § 5.44, at 103–09, 143–44.

ceeded the bounds of reason. *Bennett v. Price*, 167 Colo. 168, 172–73, 446 P.2d 419, 421 (1968). In addition, because this court's inquiry is limited to the record, the record should clearly show such an abuse of discretion. *Board of Adjustment v. Handley*, 105 Colo. 180, 188, 95 P.2d 823, 826 (1939). In considering whether there has been an abuse of discretion, courts may consider whether the hearing officer misconstrued the law and whether the party alleging an abuse of discretion acted in a diligent manner. *South Dakota Trucking Ass'n, Inc. v. South Dakota Dep't of Transportation*, 305 N.W.2d 682, 684 (S.D. 1981); *see NLRB v. Interboro Contractors, Inc.*, 432 F.2d 854, 860–61 (2d Cir. 1970), *cert. denied.*, 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971).

■ Rosenberg alleges that the hearing officer failed to exercise discretion because she misconstrued both law and fact. Rosenberg argues that the hearing officer felt compelled to deny the taking of the depositions because of time limitations in section 22–63–117(5) [9] and therefore did not apply discretion to resolve the deposition question. We determine that the hearing officer did exercise discretion in denying the taking of twelve depositions. The hearing officer's order makes it clear that the request to take the depositions was denied not only because the hearing officer felt she could not compel further waiver of the time limits, but also because the parties had agreed to the hearing date, and it was impracticable in view of the time constraints to allow the taking of twelve depositions and their transcription. There is no indication other than the hearing officer's colloquial use of the word "must" to indi-

cate that the hearing officer felt herself compelled to decline the request for the depositions. *See* note 4, *supra.* The impracticability of taking and transcribing twelve depositions is a valid consideration in exercising discretion regarding the taking of depositions. *See* § 24–4–105(4); *cf. South Dakota Trucking Ass'n,* 305 N.W.2d at 686–87.

■ Given the totality of the circumstances at the time Rosenberg requested the twelve depositions, we cannot say that the hearing officer's decision "exceed[ed] the bounds of reason." *Bennett,* 167 Colo. at 172, 446 P.2d at 421. In some cases fairness may require the production of records and the deposition of key witnesses, especially where a significant part of the case consists of sworn testimony from a few witnesses. *See La Petite Auberge, Inc. v. Rhode Island Comm'n for Human Rights,* 419 A.2d 274, 280–82 (R.I.1980). Depositions serve to prevent the unfairness that accompanies surprise. *See Interboro Contractors,* 432 F.2d at 860–61; *La Petite Auberge,* 419 A.2d at 282. In this case, however, Rosenberg was provided with a list of the school board's witnesses, a brief description of the testimony to be elicited from each, and a list of the school board's exhibits, including all the school and medical records of the student, all eyewitness statements, and reports on what the student said. The school board's witness list included six of the twelve people Rosenberg wanted to depose.

■ Although Rosenberg originally requested twelve depositions, he now claims that only the denial of the student's deposi-

9. In the order denying Rosenberg's request for twelve depositions, the hearing officer noted that the right "to grant continuances is specifically subordinated to the time limitations set forth in C.R.S.1973, 22–63–117(5), as amended." In fact, in September 1980 the only time limitations were a requirement that the hearing be held later than twenty-five days after the hearing officer was selected, Ch. 202, sec. 3, § 22–63–117(5), 1979 Colo.Sess.Laws 800, 802, and a requirement that the hearing officer make findings within thirty days of the officer's selection, Ch. 202, sec. 3, § 22–63–117(8), 1979 Colo.Sess. Laws 800, 802. The interrelationship of the time limits in subsections (5) and (8) gave the hearing officer five days to conduct the hearing and make findings. The parties to the proceeding before us waived the time restriction in subsection (8) at the prehearing conference. The statute has since been amended to require a hearing within 30 days of the officer's selection and to require that the findings of fact be adopted by the hearing officer within 30 days after the hearing. Section 22–63–117(5) and (8), 9 C.R.S. (1985 Supp.).

tion was an abuse of discretion. Rosenberg has failed, however, to show that any prejudice resulted from the hearing officer's refusal to let him depose the student. *Cf. Ricci*, 627 P.2d at 1122 (due process right to deposition not infringed unless there is a showing of prejudice); *McClelland v. Andrus*, 606 F.2d 1278, 1286 (D.C. Cir.1979) (due process requires discovery if refusal would prejudice party); *Interboro Contractors*, 432 F.2d at 860 (no abuse of discretion if no showing of prejudice through admission of unforeseeable evidence or denial of cross-examination).

The student was not listed as a witness by the school district, and the student did not testify at the hearing. Indeed, at the time the hearing officer denied Rosenberg's request for depositions, the student was listed as a potential witness for the teacher. At the time the hearing officer denied the deposition request, she had no evidence concerning the student's emotional problems that might lead her to believe there would be difficulties interviewing the student or subpoenaing the student to testify. Given the totality of the circumstances, the hearing officer's refusal to allow Rosenberg to depose the student was not an abuse of discretion.

II.

The teacher also asserts that the failure of the hearing officer to permit a continuance created an intolerable tension between his right to testify in his own behalf at the dismissal hearing and his constitutional right to remain silent pending criminal charges. A hearing officer "may order a continuance" subject to section 22–63–117(5). Ch. 202, sec. 3, § 22–63–117(6), 1979 Colo.Sess.Laws 800, 802.[10] The word "may" in the statute makes it clear that it was within the hearing officer's discretion in this case to grant a continuance. *See also* Pickholz, *Excerpt from Parallel Civil Cases in Global Settlements*, in *Parallel Grand Jury and Administrative Agency Investigations* 950–53 (1981); Wilson and Matz, *Obtaining Evidence for Federal Economic Crime Prosecutions: An Overview and Analysis of Investigative Methods*, 14 Am.Crim.L.Rev. 651, 703–07 (1977).

Rosenberg does not assert here that the hearing officer's denial of a continuance pending the outcome of criminal charges violated his constitutional rights;[11]

---

10. Section 22–63–117(6) provides in part:
   The hearing officer may order a continuance subject to subsection (5) of this section.
   The general assembly has modified this language. Section 22–63–117(6), 9 C.R.S. (1985 Supp.). This section now requires that no continuance may be granted absent "a clear showing of good cause" and that the hearing officer make "[s]pecific findings of fact" when a continuance is granted.
   Ch. 202, sec. 3, section 22–63–117(5), 1979 Colo. Sess.Laws 800, 801–02, provides in part:
   Promptly after his selection, the hearing officer shall give the teacher at least seven days' written notice of the hearing, including the place and time therefor but in no event shall such hearing be held less than twenty-five days after the selection of the hearing officer.
   The general assembly has modified this language. Section 22–63–117(5), 9 C.R.S. (1985 Supp.). *See note 9, supra.*

11. There is no right to a continuance of administrative proceedings pending the outcome of parallel criminal proceedings. In *United States v. Kordel*, 397 U.S. 1, 9–11, 90 S.Ct. 763, 768–769, 25 L.Ed.2d 1 (1970), because of the great public interest in protecting the public from mislabeled drugs, the Supreme Court affirmed the denial of a stay of civil discovery even though no one in the drug manufacturing corporation could respond without self incrimination. Several courts have determined that it is not repugnant to due process to give the party subject to discipline hearings the choice between giving testimony at disciplinary proceedings and keeping silent when there is a strong public interest in disciplining public employees or doctors. *Arthurs v. Stern*, 560 F.2d 477 (1st Cir.1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978); *Giampa v. Illinois Civil Serv. Comm'n*, 89 Ill.App.3d 606, 44 Ill.Dec. 744, 411 N.E.2d 1110 (1980); *Flickinger v. Commonwealth of Pennsylvania*, 75 Pa.Commw. 84, 461 A.2d 336 (1983); *Herberg v. State Board of Medical Educ. and Licensure*, 65 Pa.Commw. 358, 442 A.2d 411 (1982). Courts generally have refused to find a fifth amendment violation when, as in this case, the refusal to testify does not automatically lead to sanctions. *Wimmer v. Lehman*, 705 F.2d 1402 (4th Cir.), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983); *Hoover v. Knight*, 678 F.2d 578 (5th Cir.1982); *Diebold v. Civil Serv. Comm'n*, 611 F.2d 697 (8th Cir.1979); *United States v. Rilliet*, 595 F.2d 1138 (9th Cir.1979); *cf. Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d

rather, he asserts that in creating a tension between his right to testify on his own behalf at the administrative hearing and his right not to provide evidence for a criminal proceeding, the denial of a continuance constituted an abuse of discretion, especially when considered with the hearing officer's refusal to allow the depositions.

Courts have used a variety of considerations to determine whether civil or administrative proceedings should be stayed pending criminal proceedings. In *Standard Sanitary Mfg. Co. v. United States*, 226 U.S. 20, 52, 33 S.Ct. 9, 16, 57 L.Ed. 107 (1912), the United States Supreme Court upheld a lower court's refusal to delay civil proceedings under the Sherman Act because a rule requiring delay "might result in injustice or take from the statute a great deal of its power ... [and] would compel the postponement of the enforcement of the civil remedies until the exhaustion of criminal prosecutions or their expiration by lapse of time." Other courts have engaged in balancing tests in which they weigh the employer's interest in a prompt resolution of the case against the employee's interest in proceeding without risk. *Hoover v. Knight*, 678 F.2d 578, 582 (5th Cir.1982); *Lang v. Lee*, 639 S.W.2d 111, 114 (Mo.Ct. App.1982). Rosenberg suggests that we apply the factors outlined in *In re Mid-Atlantic Toyota Anti-Trust Litigation*, 92 F.R.D. 358, 359 (D.Md.1981), to determine whether the hearing officer's refusal of a continuance was an abuse of discretion: "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs [from] delay; (2) the burden on [the] defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest." The *Mid-Atlantic Toyota* court

refused a stay because it found that the plaintiffs would be prejudiced when their witnesses' memories faded or the witnesses were not available, and that the defendant would not be prejudiced because there were no criminal charges pending, self-incrimination does not apply to a corporation, someone in the company could respond to discovery, and the civil proceedings were not used to obtain evidence for a criminal trial. *Id.* at 359–60.

██ In this case the school board could be prejudiced by the failure of witnesses' memories or the witnesses' unavailability if it became necessary to recall them to testify. Although the teacher here had criminal charges pending and no one else could testify in his stead, the public and the school board had a strong interest in expeditiously concluding the proceedings, and there is no indication that the civil proceedings were initiated to obtain evidence for the criminal trial. Moreover, Rosenberg waited until after the presentation of all the evidence to request a continuance. Granting a continuance at that point could result in the presentation of conflicting evidence months or perhaps years apart. Rosenberg's diligence in requesting a stay also should be considered in deciding whether the denial of that stay is an abuse of discretion. Even though Rosenberg agreed to forego pay during the period of the continuance, his request for a delay would impair the board's interest in prompt discipline of its teachers. *Cf. Flickinger v. Commonwealth*, 75 Pa.Commw. 84, 461 A.2d 336, 338 (1983); *Herberg v. State Board of Medical Educ. and Licensure*, 65 Pa.Commw. 358, 442 A.2d 411, 413 (1982). Accordingly, we hold that the hearing officer acted within the appropriate limits of her discretion in denying Rosenberg's requested continuance.[12]

810 (1976) (an adverse inference may be drawn from one's silence in a civil proceeding). A party's due process rights are violated, however, if his testimony in a criminal proceeding is burdened by the possibility that the prosecution may use his testimony against him in an habitual criminal proceeding, *People v. Chavez*, 621 P.2d 1362 (Colo.), *cert. denied*, 451 U.S. 1028,

101 S.Ct. 3019, 69 L.Ed.2d 398 (1981), or if he is denied a lawyer in a student disciplinary hearing when criminal charges are pending. *Gabrilowitz v. Newman*, 582 F.2d 100 (1st Cir.1978).

**12.** Rosenberg refers to two cases in which courts found that stays should be granted, but these cases are distinguishable. *Wehling v. Co-*

Taken separately, neither the denial of the request to take the student's deposition nor the denial of a continuance constituted an abuse of discretion. Considered together, given the facts that at the time the hearing officer ruled twelve depositions were requested and that the request for a continuance was not made until the close of evidence, the hearing officer's rulings did not exceed the bounds of reason.

Judgment affirmed.

NEIGHBORS, J., dissents in part and concurs in part.

NEIGHBORS, Justice, dissenting in part and concurring in part:

I agree that the legal principles set forth in section I of the court's opinion are those pertinent here. However, I disagree with the application of those standards to the facts of this case and, therefore, respectfully dissent to that part of the opinion.

The deposition issue presented by the teacher and upon which we granted certiorari review is a narrow one: Whether the hearing officer abused her discretion in refusing to allow the teacher to take the deposition of the student with whom the teacher was alleged to have had sexual contact. In denying the teacher's request to depose twelve potential witnesses, including the student, the hearing officer stated:

The hearing officer must note that the deposition procedures set forth in C.R.C.P. 30 is in fact highly impracticable in the context of a hearing conducted pursuant to the Teacher Employment, Dismissal, and Tenure Act, C.R.S. 1973, 22–63–101, et seq., as amended. The right of the hearing officer to grant continuances is specifically subordinated to the time limitations set forth in C.R.S. 1973, 22–63–117(5), as amended. The hearing officer cannot compel the waiver of these time limits in order to accommodate the transcription of a deposition and its submission to the witness for signature pursuant to C.R.C.P. 30. The hearing officer must therefore decline to authorize the taking of oral depositions in this action.

This rationale is seriously flawed in view of the fact that the time requirements were *waived* by the parties. In her prehearing order, the hearing officer stated:

Upon the ruling of hearing officer Lynn Davidson that the provisions of C.R.S. 1973, 22–63–117, as amended, concerning the holding of hearing within 25 days and adoption of findings within 30 days of the selection of the hearing officer, are waivable through the mutual agreement of the parties, it was so agreed that the provisions be waived.

Thus, the hearing officer abused her discretion by relying on time limitations which had been waived as a basis for denying the discovery deposition sought by the teacher.

Moreover, the teacher was prejudiced by the denial of his request to take the deposition of the student. The only testimony at the dismissal hearing concerning the alleged sexual contact was given by teachers who observed "silhouettes" of the teacher and the student. There was no testimony from either of the participants to the alleged misconduct. The teacher could not testify without waiving his privilege against self-incrimination. The student was not called to testify. The board contends that the teacher was not prejudiced because he could have called the student and, in fact, had listed him as a possible witness. This argument has little merit when one reviews the record. The student clearly was suffering from serious emotional problems and was continually lying and fabricating stories. Obviously, in these circumstances, no reasonable and competent attorney would have called the

*lumbia Broadcasting System,* 608 F.2d 1084 (5th Cir.1979), *reh'g denied per curiam,* 611 F.2d 1026 (1980) (automatic dismissal of libel case too severe a penalty for invoking the fifth amendment during oral depositions because of federal grand jury subpoena); *Ott v. Board of*

*Education,* 160 N.J.Super. 333, 389 A.2d 1001 (App.Div.), *certification denied,* 78 N.J. 336, 395 A.2d 204 (1978) (court used equitable powers to stay hearing after school board requested teacher's sworn statement regarding charges against him).

student as a witness without first deposing him for the purpose of evaluating his potential testimony. In my view, the denial of the deposition request constitutes a serious abuse of discretion which prejudiced the substantial rights of the teacher. Therefore, I would reverse the judgment of the court of appeals.