**LOUISIANA PACIFIC CORPORATION and Insurance Company of North America, Petitioners,**

v.

**Ferd W. SMITH, The Industrial Claim Appeals Office of the State of Colorado, and The Division of Workers' Compensation, Respondents.**

**No. 93CA1485.**

Colorado Court of Appeals, Div. III.

July 14, 1994.

Rehearing Denied Aug. 25, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1993 Cum.Supp.).

Glasman, Jaynes & McBride, Richard H. Glasman, Denver, for petitioners.

Fogel, Keating and Wagner, P.C., John A. Steninger, Denver, for respondent Ferd W. Smith.

No appearance for Indus. Claim Appeals Office or the Div. of Workers' Compensation.

Opinion by Judge PIERCE *.

Petitioners, Louisiana Pacific Corporation and its insurer Insurance Company of North America, seek review of a final order of the Industrial Claim Appeals Panel concerning the recovery of an overpayment of benefits for temporary and permanent total disability. We affirm.

The underlying facts were stipulated to. Because claimant was awarded social security disability benefits effective October 1, 1988, the petitioners overpaid workers' compensation benefits in the amount of $17,-835.12. No testimony was presented, and after review of the record, the Administrative Law Judge (ALJ) granted petitioners' request for recoupment of such overpayment.

This minimal record does not indicate any fraud on the part of the claimant or knowledge that there was an overpayment during the period of overpayment. Petitioners make no claim in this regard.

■ The ALJ acknowledged that petitioners were entitled to an ongoing social security offset of $88.43 per week. Petitioners took that offset starting on March 23, 1993. The issue in this appeal concerns only the method of reimbursement of the overpayment of $17,835.12.

Finding that claimant's life expectancy was 20.2 years, or 1050 weeks, the ALJ apparently determined that undue hardship on the claimant could be avoided by an order that divided the total overpayment by such life expectancy. Accordingly, he ordered the re-

duction of claimant's permanent total disability benefits by an additional $16.99 per week until the full overpayment was recovered. On review, the Panel affirmed.

Petitioners offered no evidence to show that a different distribution of recovery would be warranted under the totality of the circumstances here. They only argue that it was unconscionable to require them to wait 20.2 years to recover the admitted amount due with no guarantee that the total amount would ever be repaid. Thus, they maintain that the ALJ abused his discretion in entering such an order. We disagree.

■ A hearing officer's decision will not be reversed as an abuse of discretion unless, given the totality of the factual circumstances at the time of the decision, the decision exceeded the bounds of reason. *Rosenberg v. Board of Education,* 710 P.2d 1095 (Colo. 1985). In resolving whether the ALJ exceeded the bounds of reason, the court may consider whether an award is supported by applicable law. *Coates, Reid & Waldron v. Vigil,* 856 P.2d 850 (Colo.1993).

In *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988), the supreme court approved an offset of the amounts overpaid by an insurer against any future workers' compensation disability that might be awarded to the claimant. That case went no further. It did not determine the method of recoupment. Neither party has cited a statute, regulation, or case which requires or proscribes a certain method for such reimbursement.

Here, under the limited record before us, we cannot conclude that, as a matter of law, the ALJ abused his discretion by prorating the repayment over claimant's expected life span. *See Halliburton Services v. Miller,* 720 P.2d 571 (Colo.1986).

Order affirmed.

PLANK and JONES, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).